IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHARLENE HOWELL, as personal representative of the Estate of JAMES FARRELL HOWELL, deceased, <br><br> Plaintiff, <br><br> v. <br><br> J & J WOOD, INC.; TIMOTHY LEE SIMONDS; <br><br> Defendants. | Case Number: CV: <br><br> 3:06CV417-B |

## PETITION FOR REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION:

COMES NOW J&J Wood, Inc. and Timothy Lee Simonds, who are named and served defendants in the above-styled cause and gives this Notice of Removal of the case styled <u>Charlene Howell, as personal representative of the Estate of James Farrell Howell deceased v. J&J Wood, Inc. and Timothy Lee Simonds</u>, in the Circuit Court of Russell County, Alabama, case number CV06-31, where it is now pending, to the United States District Court of the Middle District of Alabama, Eastern Division, and shows upon the Court as follows:

1.      This action was commenced on January 30, 2006, and a true and correct copy of all process, pleadings and orders served on this defendant from the state court file is attached as Exhibit "A" to this notice.

2. Service was perfected on the defendants on February 6, 2006.

3. Upon information and belief James Farrell Howell was a resident citizen of the state of Alabama at the time of his death and his estate was filed in the probate Court Russell County, Alabama.

4. The defendant, J&J Wood, Inc. is a corporation which is incorporated in the State of Georgia and with its principal place of business in the State of Georgia.

5. The defendant, Timothy Lee Simonds is a resident citizen of the State of Georgia.

6. This action arises out of a motor vehicle accident that occurred in Russell County, Alabama. The Complaint is brought pursuant to the Alabama Wrongful Death Statute and seeks punitive damages. (See Complaint, attached hereto as Exhibit A).

7. The Petitioner asserts that the amount in controversy exceeds the $75,000.00 jurisdictional amount based upon the allegations of the Complaint. The amount in controversy requirement is met, notwithstanding that the Complaint in the state court did not allege a specific amount of damages. See Kilpatrick v. Martin K. Eby Construction Company, 708 F.Supp 1241 (N.D.Ala. 1989).

8. This court has jurisdiction of this action under 28 U.S.C. 1332(a) when a complete diversity of citizenship exists between the proper opposing parties and that amount in controversy, exclusive of interest and cost, exceeds $75,000.00.

9. Venue is proper pursuant to 28 U.S.C. 1391(a) in that the events giving rise to the plaintiffs' claims arose within the district embracing the United States District Court for the Middle District of Alabama, Eastern Division.

10. At the time of filing, the Plaintiff asserted a claim for underinsured motorist

benefits against Quality Casualty Insurance Company, Inc. ("Quality") which was incorporated under the laws of the state of Alabama and has a principal place of business was located in Birmingham, Alabama. Therefore, at the time of the initial filing, this action was not removable. However, Quality moved to Dismiss the Plaintiff's claims against it on March 9, 2006, asserting that the owner of the vehicle driven by the Plaintiff at the time of the accident had rejected said coverage and that plaintiff's claims were not covered under the Quality policy. After the Plaintiff submitted a Notice to the Court that it had no response to Quality's Motion to Dismiss, Quality was dismissed from the action pending in the Circuit Court of Russell County by an Order of the Court dated April 26, 2006. (See Plaintiff's responsive motion and the April 26, 2006 Order, attached hereto as Exhibit A).

11.   This Petition for Removal is filed within 30 days of receipt of the Order as required by 28 U.S.C. 1446(b) which sets out,

> If the cases stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise a copy of an...order or other paper from which it may first be ascertained that the case is one which ...has become removable..."

Thus, this Removal was filed promptly upon these Defendants' receipt of facts supporting removability (*i.e.* the April 26, 2006 Order) and within the clearly defined thirty (30) day time limits for Removal of actions as defined by 28 U.S.C. 1446(b) (cited above). See also Whitiker v. American Telecasting, Inc., 261 F.3d 196 (2nd Cir. 7/21/01).

12.   Further, contemporaneously with the filing of this Petition for Removal, the defendants have given notice of same to counsel for plaintiff and to the Clerk of the

Circuit Court of Russell County, Alabama.

WHEREFORE, premises considered, the defendants, J&J Wood, Inc. and Timothy Lee Simonds hereby give notice that this case is removed to the United States District Court for the Northern District of Alabama, Northeast Division, from the Circuit Court of Russell County, Alabama and respectfully prays that this Court accepts its Petition for Removal and make all necessary orders to effectuate the same and that thereafter the Circuit Court of Russell County, Alabama proceed no further in the premises.

DATED this the 4th day of May, 2006.

PAUL A. MILLER (MIL014)
CINDY L. SELF (SEL035)
Attorneys for Defendants

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon counsel for the Plaintiffs, by placing same in the United States Mail, properly addressed and first class postage pre-paid on this the —— day of May, 2006:

George W. Finkbohner, III, Esq.
David S. Cain, Jr., Esq.
Post Office Box 66705
Mobile, Alabama  36660

OF COUNSEL