# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| CHARLENE HOWELL, as personal representative of the Estate of JAMES FARRELL HOWELL, deceased,<br><br>    Plaintiff,<br><br>v.<br><br>J & J WOOD, INC.; TIMOTHY LEE SIMONDS; QUALITY CASUALTY INSURANCE COMPANY, et al.,<br><br>    Defendants. | Case Number: 3:06 CV 417 |

## MOTION FOR STAY

COMES NOW the defendant, Timothy Lee Simonds, by and through his counsel of record and respectfully requests this Honorable Court to enter an order staying this civil action civil proceedings against him. As grounds therefore, Timothy Lee Simonds states as follows:

1.   On February 16, 2006, with the complaint initiating this litigation.

2.   During an investigation of this claim, the undersigned learned that the District Attorney's office in Phenix City, Alabama, the location of the accident made the basis of this complaint, will be submitting this case before a grand jury as a result

1

of the death of James F. Howell.

3.  Upon information and belief, the Russell County District Attorney's office plans to submit the case to the grand jury in July or October of 2006.

4.  As such, criminal investigations are either imminent or may be pending pertaining to and involving the same facts as those alleged in the plaintiff's complaint.

5.  In determining whether a stay or a protective order should be issued in a civil case when a parallel criminal investigation is underway, a trial court should weigh the movant's interest in postponing the civil action against the prejudice that might result to the other party because of the delay. Ex parte Ebbers, 871 So.2d 776, 785 (Ala. 2003). The Ebbers' Court reasons, "[T]he status of a pending criminal investigation can become relevant as one of the factors to be considered in the weighing process, apart from the question whether the party invoking the Fifth Amendment in refusing to respond to civil discovery is justified in asserting it." Id.

6.  The Supreme Court has recognized that, "Alabama case law is staunchly committed to the proposition that actual criminal charges are not necessary to justify the assertion of the Fifth Amendment privilege against self incrimination." Id.

7.  In fact, a party is entitled to assert the Fifth Amendment privilege against self incrimination although no criminal charges have been instituted, and even where

the risk of prosecution is remote, so long as the party reasonably apprehends a risk of self incrimination. A party need not be indicted to properly claim the Fifth Amendment privilege. <u>Ebbers</u> citing <u>Ex parte Baugh</u>, 530 So.2d 238 (Ala. 1988): <u>Ex parte Great Escapes, Inc.</u>, 573 So.2d 278 (Ala. 1990).

8.   <u>Ex parte Coastal Training Institute</u>, 583 So.2d 979 (Ala. 1991) controls the disposition of this matter. In that case, the Court noted the Fifth Amendment Right against self incrimination applies to civil proceedings. <u>Ex parte Coastal Training Institute</u>, 583 So.2d at 980. In that case, the plaintiff filed a complaint alleging that the defendant had properly withheld Pell grant funds that belonged to students. <u>Id</u>. at 979. The plaintiff allegedly notified the FBI and other law enforcement agencies of the alleged improprieties. <u>Id</u>. Defendant filed a Motion to Quash the Notice of Deposition and To Stay the Proceedings, asserting the Fifth Amendment privilege against self incrimination.

9.   In opposing the stay, the plaintiff/respondents cited to the defendant/petitioners failure to attach any document evidencing that a criminal investigation was ongoing or that criminal proceedings had actually been instituted against the petitioners. <u>Id</u>.

10.   In rejecting this argument, the Court held: "[T]he pendency of criminal charges is not necessarily to the assertion of that privilege. It is a general rule that

[one] need not be indicted to properly claim the Fifth Amendment privilege." Id at 981. In weighing the petitioner's interest and postponing this civil action against the prejudice that might result to respondent because of the delay, the Court was compelled to postpone it. Id. In doing so, the Court recognized that "[f]rom facts presented in this petition, there is no doubt that most of the material facts in the civil litigation would also be material and potentially incriminating in the criminal action," noting this solution is the "only method of guaranteeing [the petitioner's] Fifth Amendment privilege." Id., citing Ex parte White, 551 So.2d 923, 925 (Ala. 1989).

11. The law clearly states, then, that "[i]f a party reasonably apprehends a risk of self incrimination, he may claim the Fifth Amendment privilege although no criminal charges are pending against him and even if the risk of prosecution is remote."Ex parte Williams, 775 So.2d 146, 147 (Ala. 2000), citing Ex parte Baugh, 530 So.2d, 238, 240 (Ala. 1988), citing Welling v. Columbia Broadcasting Sys., 608 F.2d 1084 (5th Cir. 1979).

12. Because the privilege against self crimination must be liberally construed in favor of the accused or witness, "the test is whether the testimony might later subject the witness to criminal prosecution:

> To sustain the privilege, it need only be evident from the implications of the question, in a setting in which it is asked, that a responsive answer to the question or an

4

explanation of why it cannot be answered might be dangerous because injurious disclosure could result.

Hoffman v. United States, 341 U.S. 479, 71 S.CT. 814, 95 L.Ed. 2d 118 (1951).

13. It is evident that Simonds suffers a reasonable apprehension that participation in discovery in this case might be dangerous because injurious disclosure could result. Indeed, information could be disclosed which would incriminate Simonds and subject him to criminal proceedings in multiple states. His ability to defend criminal charges would be compromised and irreparably damaged. No prejudice will result to plaintiffs in postponing discovery as to this defendant; certainly, no prejudice can result which would outweigh the interest in protecting this defendant's federal and state constitutional privileges.

14. In addition to this factor, the Alabama Supreme Court has noted seven other factors that must be considered by a trial court in deciding whether a stay is proper. Ex parte Ebbers, 871 So.2d at 789. The first of these factors is "the interest of the plaintiff in proceeding expeditiously with the civil litigation, or any particular aspect of it, and the potential prejudice to the plaintiff of a delay in the progress of that litigation." Id. The plaintiff in this case would not be prejudiced by the court's entry of a stay. In this litigation, Simonds is entitled to invoke his Fifth Amendment Rights against self incrimination. Moreover, the risk of allowing broad discovery

which may provide a "link in the chain of evidence" contributing to a defendant's criminal conviction outweighs the plaintiffs' interest in prosecuting the case against him. Coastal Training, 587 So.2d at 981.

15. The second factor cited for consideration is the "private interests of the defendant and the burden that any particular aspect of the proceedings may impose upon the defendant." Id. Clearly, this litigation involves matters which, if compelled to testify, may subject Simonds to an investigation by local law enforcement authorities and ultimately, criminal charges. Any statement made by him in discovery or deposition in this case can be used by the prosecution in the criminal case. Further, if he is forced to exercise his right against self incrimination in a deposition or written discovery, he "essentially risks effectively forfeiting the action" by prejudicing his ability to fight the plaintiff's allegations. Id at 791. The burden of actively defending this matter, including but not limited to sitting for deposition and answering written discovery is great and a stay is warranted.

16. The third Ebbers factor is "the extent to which the defendant's Fifth Amendment Rights are implicated/the extent to which the issues in the criminal case overlap those in the civil case." Id. Simonds is protected by the Fifth Amendment to the United States Constitution and Article I, Section 6, of the Alabama Constitution from providing evidence that might, in any way, be used against him. The Alabama

privilege against self incrimination offers the same guarantee as that offered as that contained in the federal constitution. Ex parte Hill, 366 So.2d 318, 322 (Ala. 1979).

17. The fourth factor considered by the Court in deciding whether to enter this protective order in the case is the, "convenience of the court in management of its cases, and the efficient use of judicial resources." Ex parte Ebbers, 871 So.2d 776, 789 (Ala. 2003). "When state concerns for judicial economy conflict with federal constitutional rights, the state concerns must give way." Ex parte White, 551 So.2d 923 (Ala. 1989).

18. The fifth Ebbers factor is "the interest of persons not parties to the litigation." Ex parte Ebbers, 871 So.2d 776, 789 (Ala. 2003).

19. The sixth Ebbers factor is, "the interest of the public in the pending civil and criminal litigation." Id. The public has an interest in resultant criminal investigations. Due to the nature of the claims asserted in the plaintiffs' complaint, it is in the best interest of the people of this state that any potential criminal investigation be conducted without delay and without a violation of Simonds' rights. Proceeding in the civil action while a parallel criminal investigation is pending would serve only to hinder the progress of his criminal case. Such a hindrance is not in the public interest.

20. The final <u>Ebbers</u> factor is the timing of the Motion to Stay. <u>Id</u>. at 789. This case was filed on January 30, 2006 and served on Simonds in February of 2006. Criminal charges have not been brought against Simonds pertaining to the allegations of this suit. However, when counsel for Simonds began to investigate these claims, she learned that the matter was going to be submitted to the grand jury in Russell County, Alabama.

21. This defendant does not request a stay of the entire proceedings in this case, only a stay of the discovery as to Simonds until the risk of criminal investigation and criminal charges have expired.

WHEREFORE, PREMISES CONSIDERED, Simonds respectfully requests this Honorable Court to enter an Order granting his Motion to Stay of the civil proceeding against defendant, Timothy Lee Simonds, until the risk of criminal investigations and criminal charges have expired.

Respectfully Submitted,

<u>s/Cindy L. Self</u>
Paul Miller (MIL011)
Cindy L. Self (SEL035)
Attorneys for Lamar, Miller, Norris, Haggard
& Christie, P.C.
501 Riverchase Parkway East/Suite 100

Birmingham, Alabama 35244
(205) 326-0000 Telephone
(205) 323-2945 Facsimile
Email: cself@lmnflaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2006, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

David Steven Cain, Jr.
George W. Finkbohner, III
Cunningham, Bounds, Crowder, Brown & Breedlove
P. O. Box 66705
Mobile, Alabama 36660
dsc@cbycb.com
gwf@cbycb.com

9