IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLENE HOWELL, as Personal Representative of the Estate of JAMES FARRELL HOWELL, deceased,<br><br>    Plaintiff,<br><br>v.<br><br>J & J WOOD, INC., et al.,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 3:06CV417-WHA |

PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTION
TO VIDEOTAPING OF DEPOSITIONS AND MOTION
FOR PROTECTIVE ORDER

COMES NOW the Plaintiff, Charlene Howell, as Personal Representative of the Estate of James Farrell Howell, deceased, and responds to the objection of Defendants J & J Wood, Inc., and Timothy Lee Simonds to the videotaping of the depositions of Jimmy Jones, Sr., Jimmy Jones, Jr., and Timothy Lee Simonds, and their Motion for a Protective Order (Doc. 27). Defendants state five grounds, none of which supports their objection or their motion for a protective order.

The first "ground" simply recites the fact of the notice of the depositions to be recorded by videotape and stenographic means.

The second ground asserts: "Federal Rule 30(b)(2) allows a party to Notice a Deposition to be recorded either by stenographic means *or* sound-and-visual, but not both." (Emphasis in original.) Rule 30(b)(2), Fed. R. Civ. P., actually reads:

> The party taking the deposition shall state in the notice the method by which the testimony shall be recorded. Unless the court orders otherwise,

> it may be recorded by sound, sound-and-visual, or stenographic means, and the party taking the deposition shall bear the cost of the recording. Any party may arrange for a transcription to be made from the recording of a deposition taken by non-stenographic means.

Nothing in this rule suggests that the possibilities are exclusive. On the contrary, the best way to "arrange for a transcription" of a deposition recorded by sound-and-visual means is to have a stenographer present. Because the stenographer and the videographer will be present at Plaintiff's expense, this ground number two provides no basis for granting Defendants' objection or their motion for a protective order.

Ground number three states: "Videotaping of said depositions are [sic] cumulative and not necessary." This is so vague and insubstantial as to scarcely require a response. It is, nevertheless, easily answered. Since the 1993 amendment that wrote Rule 30(b)(2) in its present form, courts have held that videotaping of depositions is and should be "routine." For example:

> The current rule (FED. R. CIV. P. 30(b)(2)) permits "sound and visual" recordings of depositions and, thus, "recognizes the routine nature of non-stenographic recording." *Gillen v. Nissan Motor Corp.,* 156 F.R.D. 120, 122 (E.D.Pa. 1994). Indeed, courts have long held that "the use of videotaped testimony should be encouraged and not impeded because it permits the jury to make credibility evaluations not available when a transcript is read by another." *Weiss v. Wayes,* 132 F.R.D. 152, 155 (M.D.Pa. 1990).
>
> The reasons why courts approve of videotaping seem readily apparent. Unlike a transcript, a videotape addresses important credibility concerns, such as "demeanor and appearance of the witness." *Weiss, supra,* at 155. Acknowledging that words themselves may carry only a limited meaning, courts have also held that "facial expressions, voice inflection and intonation, gestures, 'body language' ... may all express a message...." *Riley v. Murdock,* 156 F.R.D. 130, 131 (E.D.N.C. 1994); *accord, Alexander v. FBI,* 186 F.R.D. 123, 127 (D.D.C. 1998).

*Fanelli v. Centenary College*, 211 F.R.D. 268, 269-70 (D.N.J. 2002). "Cumulative and not necessary" is thus an inadequate objection to the videotaping of a deposition.

Ground four of the objection and motion reads: "Jimmy Jones, Jr., although an employee of J & J Wood, Inc., is not a party to this lawsuit."  On information and belief, Plaintiff asserts that Jimmy Jones, Jr., is "an officer, director, or managing agent" of Defendant J & J Wood, Inc., such that his deposition may be used by the Plaintiff "for any purpose" pursuant to Rule 32(a)(2), Fed. R. Civ. P.  Thus, the reasoning in *Fanelli*, *supra*, that when a deposition can be used, it is preferable to use a videotaped deposition, applies to the deposition of Jimmy Jones, Jr.  As an example of the basis for Plaintiff's information and belief that Jimmy Jones, Jr., is an officer, director, or managing agent, see Exhibit A, the Phenix City Police Department Traffic Homicide Investigators Summary stating that, as part of the operative events, "Simonds called his boss (Jimmy Jones) to come repair the tire."  Exhibit A, p. 3, Bates Number PD008.  This ground is meritless.

Ground five of the objection reads: "Timothy Lee Simonds is currently incarcerated in the Wilcox Correctional Institute for an [sic] charge wholly unrelated and irrelevant to this cause of action.  Simonds' deposition will necessarily take place in the prison setting and video-taping of same will be unduly prejudicial."  Simonds is both a Defendant and "unable to attend or testify because of ... imprisonment," Rule 32(a)(3)(C), so his deposition may be used by the Plaintiff "for any purpose," *id.* and Rule 32(a)(2).  Plaintiff is willing to make the videotaping of the deposition as neutral as possible and as the prison officials will allow.

Nothing in Defendants' objection and motion states any reason for the objection to the videotaping of the deposition of Defendant Jimmy Jones, Sr.

The objections of Defendants J & J Wood, Inc., and Timothy Lee Simonds fall far short of establishing the "good cause" required by Rule 26(c), Fed. R. Civ. P., for a protective order.

WHEREFORE, the premises considered, Plaintiff respectfully requests this Honorable Court to overrule the objection and deny the motion.

                              **s/DAVID S. CAIN, JR.(CAIND4894)**
E-mail:  dsc@cbcbb.com
CUNNINGHAM, BOUNDS, CROWDER, BROWN & BREEDLOVE
Attorneys for Plaintiff
Post Office Box 66705
Mobile, Alabama    36660
Telephone:    251-471-6191
Fax:          251-479-1031

## CERTIFICATE OF SERVICE

I hereby certify that on the 5TH day of January, 2007, I filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Paul A. Miller, Esquire
Cindy L. Self, Esquire
Lamar, Miller, Norris, Haggard & Christie, P.C.
501 Riverchase Parkway East, Suite 100
Birmingham, Alabama    35244

                              **s/DAVID S. CAIN, JR.**