**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLENE HOWELL, as personal representative of the Estate of JAMES FARRELL HOWELL, Deceased, | * * * * * | |
| Plaintiff, | * * | |
| v. | * * | Case Number: 3:06 CV-417 |
| J&J WOOD, INC.; TIMOTHY LEE SIMONDS; QUALITY CASUALTY INSURANCE COMPANY, et al., | * * * * * | |
| Defendants. | * | |

FIRST AMENDED COMPLAINT

COMES NOW THE PLAINTIFF in the above-styled case and amend the style and body of the complaint previously filed in this action so that the complaint shall now read as follows:

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLENE HOWELL, as personal representative of the Estate of JAMES FARRELL HOWELL, Deceased, | * * * * * | |
| Plaintiff, | * * | |
| v. | * * | Case Number: 3:06 CV-417 |
| J&J WOOD, INC.; TIMOTHY LEE SIMONDS; QUALITY CASUALTY INSURANCE COMPANY; Jimmy JONES, JR., et al., | * * * * * | |
| Defendants. | * | |

## FIRST CAUSE OF ACTION

The Plaintiff, Charlene Howell, as the Personal Representative of the Estate of James Farrell Howell, deceased, alleges against the Defendants, J & J Wood, Inc., Timothy Lee Simonds, and Jimmy Jones, Jr. as follows:

1. On or about October 5, 2005, the Defendant, Timothy Lee Simonds so negligently operated a motor vehicle along Alabama Highway 165 at or near the intersection of Misty Forest Drive, both of said roads being public roads in Russell County, Alabama, as to cause or allow the same to come into contact with a motor vehicle being operated then and there by the Plaintiff's decedent, James Farrell Howell.

2. At the time and place set forth hereinabove the Defendant, Timothy Lee Simonds was operating within the line and scope of their employment as the agents, servants or employees of the Defendant, J & J Wood, Inc. and/or Jimmy Jones, Jr.

3. As a proximate consequence of the above described negligence of the Defendants, James Farrell Howell was caused to suffer injuries and damages which proximately resulted in his death.

WHEREFORE, the Plaintiff, Charlene Howell, as the Personal Representative of the Estate of James Farrell Howell, deceased, demands punitive damages, plus interest and costs, in excess of the jurisdictional limits of this Court, against the Defendants, J & J Wood, Inc., Timothy Lee Simonds, and/or Jimmy Jones, Jr., individually and jointly.

## SECOND CAUSE OF ACTION

The Plaintiff, Charlene Howell, as the Personal Representative of the Estate of James Farrell Howell, deceased, alleges against the Defendants, J & J Wood, Inc., Timothy Lee Simonds, and/or Jimmy Jones, Jr. as follows:

1. On or about October 5, 2005, the Defendant, Timothy Lee Simonds, so wantonly operated a motor vehicle along Alabama Highway 165 at or near the intersection of Misty Forest Drive, both of said roads being public roads in Russell County, Alabama, as to cause or allow the same to come into contact with a motor vehicle being operated then and there by the Plaintiff's decedent, James Farrell Howell.

2. At the time and place set forth hereinabove the Defendant, Timothy Lee Simonds was operating within the line and scope of their employment as the agents, servants or employees of the Defendant, J & J Wood, Inc. and/or Jimmy Jones, Jr.

3. As a proximate consequence of the above described wantonness of the Defendants, James Farrell Howell was caused to suffer injuries and damages which proximately resulted in his death.

WHEREFORE, the Plaintiff, Charlene Howell, as the Personal Representative of the Estate of James Farrell Howell, deceased, demands punitive damages, plus interest and costs, in excess of the jurisdictional limits of this Court, against the Defendants, J & J Wood, Inc., Timothy Lee Simonds, and/or Jimmy Jones, Jr., individually and jointly.

## THIRD CAUSE OF ACTION

The Plaintiff, Charlene Howell, as the Personal Representative of the Estate of James Farrell Howell, deceased, alleges against the Defendants, J & J Wood, Inc., TimothyLee Simonds, and/or Jimmy Jones, Jr.

1. The Plaintiff realleges all of the allegations contained in the First and Second Causes of Action, and incorporates the same by reference herein.

2. The Plaintiff further alleges that at the times and places set forth hereinabove, the Defendant, J & J Wood, Inc. and/or Jimmy Jones, Jr. negligently entrusted the motor

vehicle being operated by the Defendant, Timothy Lee Simonds at the time of the accident made the basis of this lawsuit to the said Defendants.

    3.    As a proximate consequence of the above described negligent entrustment by the Defendants, the Plaintiff's decedent, James Farrell Howell, was caused to suffer injuries and damages which proximately resulted in his death.

WHEREFORE, the Plaintiff, Charlene Howell, as the Personal Representative of the Estate of James Farrell Howell, deceased, demands punitive damages, plus interest and costs, in excess of the jurisdictional limits of this Court against the Defendants, J & J Wood, Inc., Timothy Lee Simonds, and/or Jimmy Jones, Jr., individually and jointly.

## FOURTH CAUSE OF ACTION

The Plaintiff, Charlene Howell, as the Personal Representative of the Estate of James Farrell Howell, alleges against the Defendants, J & J Wood, Inc., Timothy Lee Simonds, and/or Jimmy Jones, Jr. as follows:

    1.    The Plaintiff realleges all of the allegations contained in the First, Second and Third Causes of Action and incorporates the same by reference herein.

    2.    The Plaintiff further alleges that the Defendant, J & J Wood, Inc., and/or Jimmy Jones, Jr, were responsible for the maintenance of the motor vehicle being operated by the Defendant, Timothy Lee Simonds at the time of the accident made the basis of this lawsuit, and that the injuries and damages which resulted in the death of the Plaintiff's decedent, James Farrell Howell, were the proximate result of the said Defendants' failure to properly maintain the subject vehicle.

WHEREFORE, the Plaintiff, Charlene Howell, as the Personal Representative of the Estate of James Farrell Howell, deceased, demands punitive damages, plus interest and

costs, in excess of the jurisdictional limits of this Court, against the Defendants, J & J Wood, Inc., Timothy Lee Simonds, and/or Jimmy Jones, Jr., individually and jointly.

## FIFTH CAUSE OF ACTION

The Plaintiff, Charlene Howell, as the Personal Representative of the Estate of James Farrell Howell, deceased, alleges against the Defendants, J&J Wood, Inc., Timothy Lee Simonds, and/or Jimmy Jones, Jr. as follows:

1. The Plaintiff realleges all of the allegations contained in the First through Fourth Causes of Action and incorporates the same by reference herein.

2. Plaintiff avers that on or about October 5, 2005, Plaintiff's decedent, James Farrell Howell, suffered injuries and damages which proximately resulted in his death when the logging truck being operated by the Defendants J&J Wood, Inc., Timothy Lee Simonds and/or Jimmy Jones, Jr., at or near the intersection of Misty Forest Drive and Highway 165, said roadways being public roadways in Russell County, Alabama, collided with the vehicle being operated by the plaintiff's decedent, James Farrell Howell.

3. The plaintiff further alleges that all of James Farrell Howell's injuries and damages which ultimately led to his death, as set forth hereinabove, were proximately caused by the negligence of the defendants in one or more of the following respects:

    a. Negligently failing to observe, follow, respect and/or abide by the Federal Motor Carrier Safety Regulations;

    b. Negligently failing to observe, follow, respect and/or conform their conduct to the Alabama Department of Transportation Rules and Regulations;

    c. Negligently failing to observe, follow, respect and/or conform their conduct to the Alabama Department of Transportation Rules of the Road;

d. Negligently failing to implement a safety program capable of educating drivers on safety-sensitive issues;

e. Negligently failing to provide, hire or employ a safety director or other person capable of training, educating and/or coordinating driver training, education, rules, regulations, policies and procedures;

f. Negligently failing to train, educate and/or inform drivers such as Timothy Lee Simonds of the hazards and unique characteristics associated with the operation of logging trucks;

g. Negligently failing to train the defendant Timothy Lee Simonds in the operation of logging trucks in light of the fact that he had never operated a truck of this type prior to his employment with the defendant J&J Wood, Inc., a mere two months prior to the wreck which killed James Farrell Howell;

h. Negligently failing to provide the defendant Timothy Lee Simonds with the training, skills, knowledge, education, and experience necessary to safely and prudently operate the defendant J&J Wood, Inc.'s logging trucks;

i. Negligently failing to provide the defendant Simonds with a driver trainer qualified to evaluate his competency, skills, experience and education with regard to the operation of logging trucks;

j. Negligently failing to instruct Defendant Simonds and other drivers in the applicable rules and regulations they are expected to abide by in the operation, inspection and maintenance of commercial vehicles;

k. Negligently putting an inexperienced, untrained and incompetent driver behind the wheel of an overloaded logging truck;

l.   Negligently putting an inexperienced, untrained and incompetent driver behind the wheel of a logging truck;

m.   Negligently failing to conduct a proper background check on defendant Timothy Lee Simonds;

n.   Negligently allowing the defendant Timothy Lee Simonds to operate a commercial motor vehicle under the influence of controlled/illegal substances;

o.   Negligently failing to properly and adequately weigh the logging truck made the basis of this suit and other J&J Wood, Inc.'s trucks owned and operated by the defendant J&J Wood, Inc.;

p.   Negligently failing to implement policies, procedures and practices which would ensure the safe and responsible weight and operation of the defendant J&J Wood, Inc.'s logging trucks;

q.   Negligently failing to properly maintain, inspect and remedy defects of the subject logging truck and other J&J Wood, Inc.'s logging trucks;

r.   Negligently promoting the unsafe and irresponsible operation of logging trucks by paying overweight tickets for its drivers;

s.   Negligently overloading logging trucks;

t.   Negligently allowing and/or encouraging and/or requiring drivers to operate overloaded logging trucks;

u.   Negligently maintaining, inspecting and remedying defects associated with J&J Wood, Inc.'s logging trucks, including the logging truck made the basis of this lawsuit;

v.   Negligently allowing the logging truck to be operated in an unsafe condition;

w. Negligently operating and/or allowing the truck and/or trailer made the basis of this lawsuit to be operated with inadequate and improper lighting;

x. Negligently operating and/or allowing the truck and/or trailer made the basis of this lawsuit to be operated despite it being declared out of service by the Federal Motor Carrier Safety Assistance Patrol;

y. Negligently failing to properly supervise the operation of the subject logging truck and/or trailer;

z. Negligently operating and/or allowing to be operated the subject logging truck and/or trailer with low tire pressure as defined by the manufacturer of the tires and as defined by the size of the load being carried;

aa. Negligently operating and/or allowing to be operated the subject logging truck and/or trailer with improper and inadequate tread depths on multiple tires throughout the vehicle and its trailer;

bb. Negligently operating and/or allowing to be operated the subject logging truck and/or trailer with broken leaf springs;

cc. Negligently operating and/or allowing to be operated the subject logging truck and/or trailer at night with inadequate lighting;

dd. Negligently failing to educate and/or provide training materials to drivers relative to the mandatory drug screening program imposed by the Federal government in instances of fatal accidents;

ee. Negligently failing to obtain and/or require a drug screen after the subject incident which killed James Farrell Howell;

ff. Negligently failing to have a single CDL-trained operator responsible for

        training drivers on the operation of J&J Wood, Inc.'s logging trucks;

gg. Negligently operating and/or allowing to be operated an overweight logging truck and/or trailer in violation of state rules and regulations in addition to manufacturer's recommendations;

hh. Negligently operating and/or directing Timothy Lee Simonds to operate the logging truck and/or trailer that is the subject of this lawsuit despite a defective and flat tire;

ii. Negligently failing to properly inspect and/or repair the subject tire prior to putting the truck and/or trailer back on the roadway;

jj. Negligently failing to mark the hazardous area around this disabled logging truck and/or trailer and to put out emergency triangles and flares;

kk. Negligently falsifying a Federal Motor Carrier application for employment;

ll. Negligently falsifying the driver's duty status logs and allowing other drivers to do the same;

mm. Negligently failing to inquire and keep on file inquiries into past employers of the driver, Timothy Lee Simonds;

nn. Negligently failing to maintain a properly complete driver qualification file;

oo. Negligently hiring defendant Timothy Lee Simonds to a safety-sensitive position;

pp. Negligently allowing and/or directing defendant Timothy Lee Simonds to drive his logging truck and/or trailer into the path of an oncoming vehicle;

qq. Negligently failing to report the subject wreck to the Public Safety Commission and the State Motor Carrier Division;

rr. Negligently operating and/or allowing to be operated an unreasonably dangerous log truck;

ss. Negligently operating and/or allowing to be operated an unreasonably dangerous logging operation.

WHEREFORE, the Plaintiff, Charlene Howell, as Personal Representative of the Estate of James Farrell Howell, deceased, demands punitive damages, plus interest and costs, in excess of the jurisdictional limits of this Court against the defendants, J&J Wood, Inc., Timothy Lee Simonds and Jimmy Jones, Jr., individually and jointly.

## SIXTH CAUSE OF ACTION

The Plaintiff, Charlene Howell, as the Personal Representative of the Estate of James Farrell Howell, deceased, alleges against the Defendants, J&J Wood, Inc., Timothy Lee Simonds, and/or Jimmy Jones, Jr. as follows:

1. The Plaintiff realleges all of the allegations contained in the First through Fifth Causes of Action and incorporates the same by reference herein.

2. The plaintiff further alleges that all of James Farrell Howell's injuries and damages which ultimately led to his death, as set forth hereinabove, were proximately caused by the wantonness of the defendants in one or more of the following respects:

a. Wantonly failing to observe, follow, respect and/or abide by the Federal Motor Carrier Safety Regulations;

b. Wantonly failing to observe, follow, respect and/or conform their conduct to the Alabama Department of Transportation Rules and Regulations;

c. Wantonly failing to observe, follow, respect and/or conform their conduct to the Alabama Department of Transportation Rules of the Road;

d. Wantonly failing to implement a safety program capable of educating drivers on safety-sensitive issues;

e. Wantonly failing to provide, hire or employ a safety director or other person capable of training, educating and/or coordinating driver training, education, rules, regulations, policies and procedures;

f. Wantonly failing to train, educate and/or inform drivers such as Timothy Lee Simonds of the hazards and unique characteristics associated with the operation of logging trucks;

g. Wantonly failing to train the defendant Timothy Lee Simonds in the operation of logging trucks in light of the fact that he had never operated a truck of this type prior to his employment with the defendant J&J Wood, Inc., a mere two months prior to the wreck which killed James Farrell Howell;

h. Wantonly failing to provide the defendant Timothy Lee Simonds with the training, skills, knowledge, education, and experience necessary to safely and prudently operate the defendant J&J Wood, Inc.'s logging trucks;

i. Wantonly failing to provide the defendant Simonds with a driver trainer qualified to evaluate his competency, skills, experience and education with regard to the operation of logging trucks;

j. Wantonly failing to instruct Defendant Simonds and other drivers in the applicable rules and regulations they are expected to abide by in the operation, inspection and maintenance of commercial vehicles;

k. Wantonly putting an inexperienced, untrained and incompetent driver behind the wheel of an overloaded logging truck;

l. Wantonly putting an inexperienced, untrained and incompetent driver behind the wheel of a logging truck;

m. Wantonly failing to conduct a proper background check on defendant Timonty Lee Simonds;

n. Wantongly operating and/or allowing the defendant Timothy Lee Simonds to operate a commercial motor vehicle under the influence of controlled/illegal substances;

o. Wantonly failing to properly and adequately weigh the logging truck made the basis of this suit and other J&J Wood, Inc.'s trucks owned and operated by the defendant J&J Wood, Inc.;

p. Wantonly failing to implement policies, procedures and practices which would ensure the safe and responsible weight and operation of the defendant J&J Wood, Inc.'s logging trucks;

q. Wantonly failing to properly maintain, inspect and remedy defects of the subject logging truck and other J&J Wood, Inc.'s logging trucks;

r. Wantonly promoting the unsafe and irresponsible operation of logging trucks by paying overweight tickets for its drivers;

s. Wantonly overloading logging trucks;

t. Wantonly allowing and/or encouraging and/or requiring drivers to operate overloaded logging trucks;

u. Wantonly maintaining, inspecting and remedying defects associated with J&J Wood, Inc.'s logging trucks, including the logging truck made the basis of this lawsuit;

v. Wantonly allowing the logging truck to be operated in an unsafe condition;

w. Wantonly operating and/or allowing the truck and/or trailer made the basis of this lawsuit to be operated with inadequate and improper lighting;

x. Wantonly operating and/or allowing the truck and/or trailer made the basis of this lawsuit to be operated despite it being declared out of service by the Federal Motor Carrier Safety Assistance Patrol;

y. Wantonly failing to properly supervise the operation of the subject logging truck and/or trailer;

z. Wantonly operating and/or allowing to be operated the subject logging truck and/or trailer with low tire pressure as defined by the manufacturer of the tires and as defined by the size of the load being carried;

aa. Wantonly operating and/or allowing to be operated the subject logging truck and/or trailer with improper and inadequate tread depths on multiple tires throughout the vehicle and its trailer;

bb. Wantonly operating and/or allowing to be operated the subject logging truck and/or trailer with broken leaf springs;

cc. Wantonly operating and/or allowing to be operated the subject logging truck and/or trailer at night with inadequate lighting;

dd. Wantonly failing to educate and/or provide training materials to drivers relative to the mandatory drug screening program imposed by the Federal

government in instances of fatal accidents;

ee. Wantonly failing to obtain and/or require a drug screen after the subject incident which killed James Farrell Howell;

ff. Wantonly failing to have a single CDL-trained operator responsible for training drivers on the operation of J&J Wood, Inc.'s logging trucks;

gg. Wantonly operating and/or allowing to be operated an overweight logging truck and/or trailer in violation of state rules and regulations in addition to manufacturer's recommendations;

hh. Wantonly operating and/or directing Timothy Lee Simonds to operate the logging truck and/or trailer that is the subject of this lawsuit despite a defective and flat tire;

ii. Wantonly failing to properly inspect and/or repair the subject tire prior to putting the truck and/or trailer back on the roadway;

jj. Wantonly failing to mark the hazardous area around this disabled logging truck and/or trailer and to put out emergency triangles and flares;

kk. Wantonly falsifying a Federal Motor Carrier application for employment;

ll. Wantonly falsifying the driver's duty status logs and allowing other drivers to do the same.

mm. Wantonly failing to inquire and keep on file inquiries into past employers of the driver, Timothy Lee Simonds;

nn. Wantonly failing to maintain a properly complete driver qualification file;

oo. Wantonly hiring defendant Timothy Lee Simonds to a safety-sensitive position;

    pp.    Wantonly allowing and/or directing defendant Timothy Lee Simonds to drive his logging truck and/or trailer into the path of an oncoming vehicle;

    qq.    Wantonly failing to report the subject wreck to the Public Safety Commission and the State Motor Carrier Division;

    rr.    Wantonly operating and/or allowing to be operated an unreasonably dangerous log truck;

    ss.    Wantonly operating and/or allowing to be operated an unreasonably dangerous logging operation.

WHEREFORE, the Plaintiff, Charlene Howell, as Personal Representative of the Estate of James Farrell Howell, deceased, demands punitive damages, plus interest and costs, in excess of the jurisdictional limits of this Court against the defendants, J&J Wood, Inc., Timothy Lee Simonds and Jimmy Jones, Jr., individually and jointly.

    /s/David S. Cain, Jr., Esq.  (caind4894)
    David S. Cain, Jr., Esq.
    /s/George W. Finkbohner, III, Esq.  (finkg0362)
    George W. Finkbohner, III, Esq.
    CUNNINGHAM, BOUNDS, CROWDER,
        BREEDLOVE & BROWN
    P.O. Box 66705
    Mobile, Alabama 36660
    PH: 251-471-6191
    FX: 251-479-1031
    Attorneys for Plaintiff

**THE PLAINTIFF RESPECTFULLY DEMANDS A TRIAL BY JURY.**

    /s/David S. Cain, Jr., Esq.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the1st day of February, 2007, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

    Paul Miller, Esq.
    Cindy L. Self, Esq.
    Clayton M. Adams, Esq.


                                          **/s/David S. Cain, Jr.**


The Defendant Jimmy Jones, Jr. may be served by **Certified Mail** as follows:

Jimmy Jones, Jr.
c/o J&J Wood, Inc.
1272 Georgia Highway 354
Pine Mountain, Georgia 31823