IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLENE HOWELL, as personal representative of the Estate of JAMES FARRELL HOWELL, deceased, | § § § § | |
| Plaintiff, | § § | CASE NO. 3:06cv417-WHA |
| v. | § § | |
| J & J WOOD, INC., et al., | § § § | |
| Defendants. | § | |

## MOTION FOR SEPARATE TRIALS

COME NOW, Defendants Timothy Lee Simonds, Jimmy Jones, Jr. and J&J Wood, Inc. and move this Honorable Court for separate trials. As grounds therefore, the Defendants state as follows:

1.   This present cause concerns a vehicle accident that occurred on October 5, 2005. Timothy Lee Simonds was driving a logging truck owned by J&J Wood, Inc. James Howell was driving a Chevrolet Lumina. (See p. 9 of excerpt of deposition of Corporal Jeffrey Freeman, attached hereto as Exhibit A).

2.   These Defendants admit that Timothy Lee Simonds was acting within the line and scope of his employment at the time of the accident made the basis of this lawsuit.

3.   The evidence supports that Mr. Howell's car ran into the side of the J&J Wood trailer. The Defendants argue, in part, that the accident was caused by the Negligence of James Howell or at least his negligent actions and/or omissions contributed to the accident made the basis of this lawsuit. (See Answer to Complaint and Answer to First Amended Complaint).

4.     Count I of the plaintiff's Complaint alleges Negligence of Simonds as well as liability imputed to J&J Wood, Inc. under a theory of *respondeat superior*. Count II of the Plaintiff's Complaint alleges Wantonness against Simonds as well as liability therefore imputed to J&J Wood, Inc. under the doctrine of *respondeat superior*. Count III of the Plaintiff's Complaint alleges Negligent Entrustment against J&J Wood, Inc. and Count IV avers Negligent Maintenance of the Vehicle by J&J Wood. Count V & VI make the following eighty-two (82) specific Negligent & Wanton allegations against J&J Wood, Inc. which are either encompassed in Counts III & IV or are DOT violations:

    a.    negligently and wantonly failing to observe, follow, respect and/or abide by the Federal Motor Carrier Safety Regulations;

    b.    negligently and wantonly failure to observe, follow, respect and/or conform their conduct to the Alabama Department of Transportation Rules and Regulations;

    c.    negligently and wantonly failure to observe, follow, respect and/or conform their conduct to the Alabama Department of Transportation Rules of the Road;

    d.    negligently and wantonly failing to implement a safety program capable of educating drivers on safety-sensitive issues;

    e.    negligently and wantonly failing to provide, hire or employ a safety director or other person capable of training, educating and/or coordinating driver training, education, rules, regulations, policies and procedures;

    f.    negligently and wantonly failing to train, educate and/or inform drivers such as Timothy Lee Simonds of the hazards and unique characteristics associated with the operation of logging truck;

    g.    negligently and wantonly failing to train the defendant Timothy Lee Simonds in the operation of logging trucks in light of the fact that he never operated a truck of this type prior to his employment with the defendant J&J Wood, Inc., a mere two months prior to the wreck which killed James Farrell Howell;

    h.    negligently and wantonly failing to provide the defendant Timothy Lee Simonds with the training, skills, knowledge, education, and experience necessary to safely and prudently operate the defendant J&J Wood, Inc.'s logging trucks;

I.    negligently and wantonly failing to provide the defendant Simonds with a driver trainer qualified to evaluate his competency, skills, experience and education with regard to the operation of logging trucks;

j.    negligently and wantonly failing to instruct Defendant Simonds and other drivers in the applicable rules and regulations they are expected to abide by in the operation, inspection and maintenance of commercial vehicles;

k.    negligently and wantonly putting an inexperienced, untrained and incompetent driver behind the wheel of an overloaded logging truck;

l.    negligently and wantonly putting an inexperienced, untrained and incompetent driver behind the wheel of a logging truck;

m.    negligently and wantonly failing to properly and adequately weigh the logging truck made the basis of this suit and other J&J Wood, Inc.'s trucks owned and operated by the defendant J&J Wood, Inc.;

n.    negligently and wantonly failing to implement policies, procedures and practices which would ensure the safe and responsible weight and operation of the defendant J&J Wood, Inc.'s logging trucks;

o.    negligently and wantonly failing to properly maintain, inspect and remedy defects of the subject logging truck and other J&J Wood, Inc.'s logging truck;

p.    negligently and wantonly promoting the unsafe and irresponsible operation of logging trucks by paying overweight tickets for its drivers;

q.    negligently and wantonly overloading logging trucks;

r.    negligently and wantonly allowing and/or encouraging and/or requiring drivers to operate overloaded logging trucks;

s.    negligently and wantonly maintaining, inspecting and remedying defects associated with J&J Wood, Inc.'s logging trucks, including the logging truck made the basis of this lawsuit;

t.    negligently and wantonly allowing the logging truck made the basis of this lawsuit to be operated despite numerous violation necessary for safe use of the truck;

u. negligently and wantonly operating and/or allowing the truck and/or trailer made the basis of this lawsuit to be operated with inadequate and improper lighting;

v. negligently and wantonly operating and/or allowing the truck and/or trailer made the basis of this lawsuit to be operated despite it being declared out of service by the Federal Motor Carrier Safety Assistance Patrol;

w. negligently and wantonly failing to properly supervise the operation of the subject logging truck and/or trailer;

x. negligently and wantonly operating and/or allowing to be operated the subject logging truck and/or trailer with low tire pressure as defined by the manufacturer of the tires and as defined by the size fo the load being carried'

y. negligently and wantonly operating and/or allowing to be operated the subject logging truck and/or trailer with improper and inadequate tread depths on the multiple tires throughout the vehicle and its trailer;

z. negligently and wantonly operating and/or allowing to be operated the subject logging truck and/or trailer with broken leaf springs;

aa. negligently and wantonly operating and/or allowing to be operated the subject logging truck and/or trailer at night and with inadequate lighting;

bb. negligently and wantonly failing to educate and/or provide training materials to drivers relative to the mandatory drug screening program imposed by the Federal government in instances of fatal accidents;

cc. negligently and wantonly failing to obtain and/or require a drug screen after the subject incident which killed James Farrell Howell;

dd. negligently and wantonly failing to have a single CDL-trained operator responsible to training drivers on the operation of J&J Wood, Inc.'s logging trucks;

ee. negligently and wantonly operating and/or allowing to be operated an overweight logging truck and/or trailer in violation of state rules and regulations in addition to manufacture's recommendations;

  ff. negligently and wantonly directing Timothy Lee Simonds to operate the logging truck and/or trailer that is the subject of this lawsuit despite a defective tire;

  gg. negligently and wantonly failing to properly inspect and/or repair the subject tire prior to putting the truck and/or trailer back on the roadways;

  hh. negligently and wantonly failing to mark the hazardous area around this disabled logging truck and/or trailer and to put out emergency triangles and flares;

  ii. negligently and wantonly falsifying a Federal Motor Carrier application for employment;

  jj. negligently and wantonly falsifying the driver's duty status logs;

  kk. negligently and wantonly failing to inquire and deep on file inquires into past employers of the driver, Timothy Lee Simonds;

  mm. negligently and wantonly failing to maintain a properly complete driver qualification file;

  nn. negligently and wantonly hiring defendant Timothy Lee Simonds to a safety-sensitive position;

  oo. negligently and wantonly directing defendant Timothy Lee Simonds to drive his logging truck and/or trailer into the path of an oncoming vehicle;

  pp. negligently and wantonly failing to report the subject wreck to the Public Safety Commission and the State Motor Carrier Division.

(See Complaint and First Amended Complaint).

  5. Defendant Jimmy Jones, Jr. is vice-president and part owner of J&J Wood, Inc. and at all times relevant was acting within the line and scope of his employment with J&J Wood.

  6. Liability on the accident itself should be tried first because should the jury find the plaintiff negligent, all claims by the plaintiff against all defendants would, in turn, be barred.

  7. Additionally, Negligent Entrustment, Negligent Failure to Maintain Vehicle and Negligence under the theory of *respondeat superior* all impose the same liability upon J&J Wood, Inc. However, the evidence that is admissible to prove

Negligent Entrustment is not admissible and is unduly prejudicial to a defendant under a *respondeat superior* claim.

8. Evidence of prior accidents or driving violations are not admissible to prove the negligence of Simonds in the current action. Moreover, introduction of such evidence would be highly prejudicial and would outweigh any probative value of the introduction of such evidence in contravention to Rules 401, 403 and 404(b) of the <u>Federal Rules of Evidence</u>.

9. Further, evidence of J&J Wood's DOT violations, such as record keeping or violations of its drivers would not be admissible to prove the negligence of Simonds in the current action or of the negligence of J&J Wood, Inc. under *respondeat superior* theories. The introduction of this evidence would be highly and unfairly prejudicial and would also be in contravention to Rules 401, 403 and 404(b) of the <u>Federal Rules of Evidence</u>.

10. The aforementioned evidence regarding the issues of Negligent Entrustment and Negligence and Wantonness claims asserted in Counts V & VI is unnecessary as to J&J Wood, Inc. as it has conceded that Simonds was operating in the line and scope of his employment at the time of the accident subject to this lawsuit. The introduction of such evidence would only serve to inflame or confuse the jury and unfairly prejudice the defendants regarding previous incidents.

11. The allegations against J&J Wood, Inc. in Counts III through VI are superfluous because the same liability attaches to J&J Wood, Inc. under a doctrine of *respondeat superior* especially in this wrongful death action because the only damages that can be recovered are punitive damages. Additionally, allowing the plaintiff to proceed with all of her theories in one trial would allow for the admission of evidence irrelevant to and highly prejudicial to the defendants as to the negligence and *respondeat superior* claims.

12. Although the Alabama Supreme Court has not yet addressed this issue, the majority has been that once vicarious liability has been found, a plaintiff may not proceed on the issue of Negligent Entrustment, Hiring, and Training. <u>Bowman v. Norfolk So. Ry. Co.</u>, 832 F.Supp. 1014, 1024 (Dist. S.C. 1993). The Florida Supreme Court addressed this issue in 1997. They provided that, although negligent entrustment was generally a theory in auto cases, there was a caveat. "Where the

theory imposes no additional liability in a motor vehicle accident case, the trial court should not allow [the theory] to be presented to a jury. The practical reason: under the negligent entrustment theory, the past driving record is a necessity before the jury. Ordinarily, evidence of an individual past driving record is not part of a jury's consideration." Clooney v.Getting, 352 So. 2d 1216, 1220 (Fla. App. 1977). The Florida court concluded that the desirability of the alternative theories of negligent entrustment, hiring, training and supervision was far outweighed by the prejudice to the Defendant employer. Id.

Once the Defendant employer concedes that his employee was working within the scope of his employment, evidence laboriously submitted to establish the negligent entrustment, hiring, training and supervision serve no real purpose. McHaffie v. Bunch, 891 S.W. 2d 822, 826 (Mo. 1995). The court in McHarrie sated, "Assuming the evidence supported a claim of negligent entrustment or negligent hiring, such evidence as unnecessary because vicarious liability had already been established under the theory of *respondeat superior* under which the employer is strictly liable for all fault attributed to the negligent employee." Id. at 826-27

Allowing the plaintiff to proceed on these alternative theories, once scope of employment is no longer an issue, only creates problems of prejudice. Elrod v. G & R Construction Company, 628 S.W. 2d 17, 19 (Ark. 1982). In Elrod, the Defendant employer admitted that its employee was working within the line and scope of employment for his job. Thus, the Defendant employer admitted that if the employee was found to be negligent by the jury, the damages would be imputed to them and they would be responsible for any damages that the plaintiff was entitled to recover. The Court stated, "We are now inclined to follow the majority view, which allows plaintiff to proceed on only one theory of recovery in cases where liability has been admitted as to on theory of recovery. The potential problems and possible prejudice that could be created by the introduction of a prior bad driving record in our view outweighs any possible advantages." Elrod 628 So. 2d at 19.

Maryland's highest court addressed the same issue and held that "permitting proof of previous misconduct would only serve to inflame the jury and result in 'danger that the jury might draw the inadmissible inference that because the [driver] had been negligent on one other occasion, he was negligent at the time of the accident." Houlihan v. McCall 78 A. 2d 661, 665 (Md. 1951). See also, Leotha Hacket v. Washington Metropolitan Area Transit Authority, 736 F. Supp. 8 (D.D.C.

1990) (concluding that once the Defendant admitted its employee was working within the scope of his employment, the plaintiff's negligent entrustment claim was "redundant, unnecessary and prejudicial."); Sun Min Lee v. J.B. Hunt Transport, Inc. 38 F. Supp. 2d 310, 313 (S.D.N.Y. 2004) (stating "where an employer has admitted that the employee acted within the course and scope of employment, evidence of negligent hiring, training, supervision or retention becomes necessary, irrelevant and prejudicial.").

13.     Unless the driver for J&J Wood, Inc. is found liable for the accident, all information concerning the forty-one (41) theories of Negligence and the forty-one (41) theories of Wantonness that the Plaintiff alleges against J&J Wood, Inc. become irrelevant.

14.     Rule 42(b) of the Federal Rules of Civil Procedure allow for separate trials stating:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, crossclaim, counterclaim, other third-party claim, or of any separate issue or of any number of claims, crossclaims, counterclaims, third-party claims or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment of the Constitution or as given by a Statute of the United States.

Rule 42(b) of the Alabama Rules of Civil Procedure contain similar language. The committee comments of the Alabama Rules of Civil Procedure also note that Rule 42(b) provides that "separate trials are to be ordered only when needed ***in furtherance of convenience or to avoid prejudice***" (emphasis added).

Universal Underwriters v. East Cent, Inc., 574 So. 2d 716 (Ala. 1990) recognizes that bifurcated trials are not unusual in Alabama and are recognized under A.R. Civ. P. 42(b). It further notes that the comments allow the trial court broad freedom to order separate trials on separate issues or with respect to different parties in order to effectuate the goals of justice and judicial economy. The court recognized in Colburn v. American Liberty Ins. Co., 341 So. 2d 717 (Ala. 1977), that Rule 42(b) may be used to separate the issues of liability from those of damages in a negligence

case. The court noted that the trial court is in a, "position to evaluate, with a posterior of the case, the matter of trial convenience and to shape the order of the trial."

According to the Alabama Supreme Court in <u>Fox v. Hollar Co. Inc</u>., 576 So. 2d 223 (Ala. 1991),

> It is indeed a generally desirable goal . . . to have only one trial involving all the issues and parties. ***However, that goal is secondary to the concerns of the trial Judge in preventing prejudiced parties.*** Moreover, the determination as to when a claim should be separated from trial is particularly within the providence of the trial Judge, and, in the absence of a clear abusive discretion, deference should be given to his or her judgment.
>
> <u>Fox v. Hollar Co., Inc</u>., 576 So. 2d 223 (Ala. 1991)(Emphasis added).

15.  This Court has the discretion of separating the trial in this matter allow one trial to proceed based on the liability for the accident. Once this is determined, it will likely be dispositive of the remaining issues. In other words, if the actions of Simonds is not found to have caused the accident at issue or the jury finds that Howell was contributorily negligent, then this decision would be dispositive of the plaintiff's concurrent theories of liability. If Simonds is found liable for the accident, then this liability is imputed to J&J Wood under the doctrine of *respondeat superior*. At this point, the Court could then allow for a second trial on the issue of damages.

16.  Allowing the plaintiff to proceed on all theories of liability in one trial serves no real purpose and only creates problems of unfair prejudice, confusion of the issues and the danger that the jury may be inflamed by the evidence that is clearly not admissible under the theory of *respondeat superior*.

WHEREFORE, PREMISES CONSIDERED, J&J Wood, Inc. , Jimmy Jones, Jr. and Timothy Lee Simonds move this Honorable Court for separate trials in this matter.

## ORAL ARGUMENT REQUESTED

                                    s/CINDY L SELF
                                    PAUL A. MILLER (MIL011)
                                    CINDY L. SELF (SEL035)
                                    Attorney for the Defendants

**OF COUNSEL:**
LAMAR, MILLER, NORRIS,
HAGGARD & CHRISTIE, P.C.
501 Riverchase Parkway East, Suite 100
Birmingham, AL 35244
(205) 326-0000; Fax: (205)323-2945
cself@lmnflaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that on April 25, 2007, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

David S. Cain, Jr., Esq.
Post Office Box 66705
Mobile, Alabama 36660

                                    s/CINDY L SELF
                                    OF COUNSEL