IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLENE HOWELL, as personal representative of the Estate of JAMES FARRELL HOWELL, Deceased, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. CV-06-417 |
| J & J WOOD, INC.; TIMOTHY LEE SIMONDS; and JIMMY JONES, JR., | § § § § | |
| Defendants. | § | |

**OPPOSITION TO MOTION FOR SEPARATE TRIALS**

COMES NOW the Plaintiff, Charlene Howell, as Personal Representative of the Estate of James Farrell Howell, deceased, and opposes the motion for separate trials filed by Defendants Timothy Lee Simonds, Jimmy Jones, Jr., and J & J Wood, Inc. (Doc. 48). The motion is plainly without merit. Defendants would have the Court try some of Plaintiff's theories in this wrongful death action and then, after a jury returns a verdict in her favor, the Court would have to try the remaining theories of her complaint, and thereby finally show the true culpability of the Defendants that proximately caused the wrongful death of Mr. Howell. This is not even apportionment among joint tortfeasors; it is apportionment among theories of liability against the very same defendants for the concurring causes of a single fatal event.

In an Alabama wrongful death action, the jury returns a single verdict as to the joint and several liability of all joint tortfeasors. "[N]othing in the wrongful death statute

authorizes a jury to apportion damages among joint tort-feasors and ... the statute does not recognize *degrees* of culpability among joint tort-feasors. ... The jury in a wrongful death case must return a single verdict that is based, in part, on the total culpability of all defendants." *Campbell v. Williams*, 638 So.2d 804, 809-10 (Ala. 1994)(emphasis in original; citations omitted), *cert. denied*, 513 U.S. 868 (1994). The *Campbell* Court quoted from *Louis Pizitz Dry Goods Co. v. Yeldell*, 274 U.S. 112, 115-17 (1927): "'The aim of the present statute is to strike at the evil of the negligent destruction of human life by imposing liability, regardless of fault, upon those who are in some substantial measure in a position to prevent it. We cannot say that it is beyond the power of the legislature, in effecting such a change in the common law rules, to attempt to preserve human life by making homicide expensive.'" *Campbell*, 638 So.2d at 810, quoting *Louis Pizitz v. Yeldell*. "The non-apportionment of damages among multiple defendants bears a rational relationship to the goal sought to be attained by the statute, the prevention of homicide." *Campbell*, 638 So.2d at 810. *See also* § 6-11-21(j), Ala. Code 1975; *Boles v. Parris*, ___ So.2d ___, ___ [Ms. 1030744, August 18, 2006; 2006 WL 2383283, at *2] (Ala. 2006); *Black Belt Wood Co. v. Sessions*, 514 So.2d 1249 (Ala.1986); and *Bell v. Riley Bus Lines*, 257 Ala. 120, 57 So.2d 612 (1952), regarding the non-apportionment of punitive damages in a wrongful death case.

  The Eleventh Circuit "will not disturb a district court's decision not to order separate trials absent an abuse of discretion." *T.D.S., Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1535 (11th Cir.), *modified on other grounds*, 769 F.2d 1485 (11th Cir. 1985) (finding no abuse of discretion in the denial of separate trials); *Alexander v. Fulton County, Georgia*, 207 F.3d 1303, 1325 (11th Cir. 2000) (same); *Bailey v. Board of County Com'rs of Alachua*

*County*, 956 F.2d 1112, 1127-28 (11th Cir.), *cert. den.*, 506 U.S. 832 (1992) (same). These cases involved complex multi-party or multi-claim actions, with the exception of *T.D.S.*, in which the District Court and the Eleventh Circuit rejected an insurer's argument that its arson defense should have been tried separately from the "bad faith" claim against it. The more pertinent cases for considering whether this relatively straightforward Alabama tort action should be carved into pieces are similar Alabama tort cases.

An Alabama circuit court has broad discretion in deciding whether to order separate trials. *Ex parte Athens-Limestone Hospital*, 858 So.2d 960 (Ala. 2003); *Celadon Trucking Service v. Davis*, 673 So.2d 777 (Ala. Civ. App. 1996). The Committee Comments to Rule 42(b), Ala. R. Civ. P., state: "Separate trials are not to be granted merely ... because some of the parties might prefer separate trials. It is the interest of efficient judicial administration which is to be considered, rather than the wishes of the parties."

The motion argues that the Court should somehow first conduct a partial trial as to whether the negligence or wantonness of Mr. Simonds in the operation of the truck in the line and scope of his employment with J & J Wood proximately caused Mr. Howell's death.[1] Then, according to Defendants, after a verdict for the Plaintiff, the Court would be required to try all of the allegations of negligence and wantonness by J & J Wood and Mr. Jones that proximately contributed to Mr. Howell's death – by negligently or wantonly entrusting the truck to Mr. Simonds, by negligently or wantonly failing to properly maintain the truck, by negligently or wantonly breaching numerous applicable rules and regulations, by

---

[1]In paragraphs 3 and 6 of their motion, Defendants assert that their contributory negligence defense should be tried first. Lack of citation of authority alone is sufficient reason to reject this assertion out of hand. It is unfounded in the law, and that is another sufficient reason.

negligently or wantonly failing to properly train and supervise Mr. Simonds, and for any or all the other breaches specifically alleged in the Fifth and Sixth Causes of Action of the First Amended Complaint. Rule 42 does not provide for separate trials such as the Defendants propose here.

J & J Wood asserts (¶¶ 10-12) that because it has admitted that Simonds was acting in the line and scope of his employment, the negligent entrustment claim should be tried separately, if at all. Ironically, the exact opposite is true. If the only basis for holding an entruster liable is the entrustment, there might be some plausibility in the entruster's argument that the claims against it could be tried separately. However, if the entruster also wears the hat of principal or master, the effect would be one trial against it as master for *respondeat superior* liability and then another trial against it for its direct liability. Mr. Howell's death is indivisible, and the combining and concurring negligence or wantonness of all defendants who proximately contributed to cause his death can only be tried in a single action. Still less is one of those defendants entitled to obtain one jury trial for part of its culpability and another for the greater part of its culpability.

Numerous cases from the Supreme Court of Alabama and the Court of Civil Appeals recognize that it is appropriate for a circuit court to join negligent operation and negligent entrustment theories for trial at the same time. Examples include *Rice v. Blackmon*, 559 So.2d 1070 (Ala. 1990); *Mason v. New*, 475 So.2d 854 (Ala. 1985); *Bruck v. Jim Walter Corp.*, 470 So.2d 1141 (Ala. 1985); and *Celadon Trucking Service v. Davis*, 673 So.2d 777 (Ala. Civ. App. 1996), each recognizing that a trial court has broad discretion when determining whether to order separate trials on claims of negligent operation and negligent entrustment. In each of those cases, the plaintiffs' claims of negligent operation and

4

negligent entrustment were tried together. *See also Hornady Truck Line, Inc. v. Meadows*, 847 So.2d 908, 916 (Ala. 2002), affirming judgments against the defendant driver and his employer on, *inter alia*, negligent entrustment claims.[2]

Also, in *Ex parte Turpin Vise Ins. Agency, Inc.*, 705 So.2d 368, 371 (Ala. 1997), the court held: "In exercising its discretion in deciding whether to sever claims, the trial court should consider the prejudice that may result to the parties if the claims are severed. Considerations of practicality, judicial economy, and the possibility of inconsistent results are also relevant in that regard."

> When evidence which is admissible as to one party or for one purpose but not admissible as to another party or for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly.

Rule 105, F.R.Evid. In the addressing whether claims for negligent entrustment should be tried separately from claims of the negligence of the entrustee, the Alabama Court of Civil Appeals has noted:

> [I]n *Rice v. Blackmon*, 559 So.2d 1070 (Ala. 1990) ..., our supreme court indicated that the trial court is accorded broad discretion not only when determining whether to order separate trials on the claims of negligence and negligent entrustment, but also when determining whether curative instructions will remedy any prejudicial effect if separate trials are not ordered.

*Celadon Trucking Service v. Davis*, 673 So.2d 777, 778 (Ala. Civ. App. 1996).

---

[2]As counsel for three of the plaintiffs in *Meadows*, the undersigned can inform the Court that the trial court denied a motion for a separate trial of the negligent entrustment claim, and the defendants raised that ruling as an issue on appeal, but the Supreme Court of Alabama addressed only whether there was sufficient evidence of negligent entrustment, not whether there was abuse of discretion in denying the motion for separate trials. By affirming, the Supreme Court implicitly held that there was no abuse of discretion in trying the negligent operation and negligent entrustment claims together.

The Alabama Supreme Court's opinion in *Athens-Limestone*, *supra*, illustrates well the high burden on a party seeking separate trials. In that case, plaintiff Wilson alleged medical malpractice by Dr. Teng, an employee of the hospital, causing the death of her minor child. Shortly before trial, "the trial court entered a summary judgment for the Hospital on all claims except the medical-malpractice claim based on the acts or omissions of Dr. Teng." *Id.*, 2003 WL 1147061 at **1. On the first day of trial, the trial court granted Wilson's motion to dismiss Dr. Teng without prejudice. The hospital then served a third party complaint on Dr. Teng seeking indemnification, whereupon the trial court granted a continuance and then ordered that the indemnity claim be severed from Wilson's claim against the hospital. *Id.* Wilson petitioned for a writ of mandamus. Despite the high burden for finding an abuse of the trial court's discretion, the Supreme Court in *Athens-Limestone* granted mandamus. Its analysis included the following:

> This Court has reviewed at least three petitions for the writ of mandamus where the issue was whether a third-party claim should be tried separately. See *Ex parte Palughi*, 494 So.2d 404 (Ala. 1986); [*Ex parte*] *R.B. Ethridge & Assocs., Inc.*, [494 So.2d 54 (Ala. 1986)]; *Ex parte Duncan Constr. Co.*, 460 So.2d 852 (Ala. 1984). Twice, this Court granted the petitions and held that the trial court had exceeded the permissible limits of its discretion in separating or severing the third-party claim from the original action. (FN2) *Palughi*, 494 So.2d at 405; *Duncan Construction*, 460 So.2d at 854. ... In both *Palughi* and *Duncan Construction*, this Court determined that the trial court had exceeded the permissible limits of its discretion in determining that the third-party claims would unduly complicate the issues and evidence as to the original parties. 494 So.2d at 406, 460 So.2d at 854. As this Court stated in *Duncan Construction*, the record did not "support such a conclusion," and the trial court did not show that the original parties to the action would be prejudiced if the third-party claim was tried with the original action. 460 So.2d at 854. This Court also noted that the "finding of complexity alone does not automatically entitle a party to the severance of third-party claims." *Duncan Construction*, 460 So.2d at 854.

*Ex parte Athens-Limestone Hosp.*, 858 So.2d at 963. The Court distinguished the one case

in which it had not granted mandamus against a severance of a third-party claim with the following footnote 2:

> (FN 2) This Court denied the petition in *R.B. Ethridge & Associates, Inc.*, which arose in the context of a complex construction case, stating that the trial court had "sufficient grounds" to separate the petitioner's third-party claim from the original action. 494 So.2d at 58.

*Id.*, at FN 2. Thus, in three out of four cases in which the trial courts have severed third-party claims, the Supreme Court of Alabama has held that orders for separate trials were an abuse of discretion. If it is an abuse of discretion to sever a third-party indemnity claim, it would be even more an abuse of discretion to order separate trials on different theories of liability against defendants who are jointly and severally liable.

As noted above, the Committee Comments to Rule 42(b), Ala.R.Civ.P., state that "it is the interest of efficient judicial administration which is to be considered, rather than the wishes of the parties." Separate trials of this action would require additional and unnecessary expense to be imposed on the limited judicial resources of this Court. Defendants erroneously states that if Plaintiff's negligence claims were tried separately, no further trial would be required. On the contrary, after a jury verdict for the Plaintiff in the "first trial," another trial based on the remaining theories alleged in Plaintiff's complaint would be required. Thus, if the Court were to grant the relief Defendants request, the expense of summoning and empaneling a second jury would be imposed upon the Court, and that second jury would have to return a second verdict against the same Defendants based on additional culpability not presented to the first jury. These factors are the most important consideration for <u>not granting Defendants' motion</u>. There is no reason to impose these additional expenses and demands on the time of the Court, and there is every reason

not to do so.  This is one action and it requires, and admits of, only one trial.

    WHEREFORE, the premises considered, Plaintiff respectfully requests this Honorable Court to deny the motion for separate trials.

Respectfully submitted,

CUNNINGHAM, BOUNDS, CROWDER,
BROWN AND BREEDLOVE, L.L.C.
Attorneys for Plaintiff


/s/David S. Cain, Jr.
DAVID S. CAIN, JR.            (CAIND4894)
E-mail: dsc@cbcbb.com
GEORGE W. FINKBOHNER, III   (FINKG0362)
E-mail: gwf@cbcbb.com
Post Office Box 66705
Mobile, Alabama    36660
Telephone:  (251) 471-6191
Facsimile:  (251) 479-1031

## CERTIFICATE OF SERVICE

    I hereby certify that I have on this 27th day of April, 2007, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Paul A. Miller, Esquire
Cindy L. Self, Esquire
Lamar, Miller, Norris, Haggard & Christie, P.C.
501 Riverchase Parkway East, Suite 100
Birmingham, Alabama    35244


/s/ David S. Cain, Jr.
DAVID S. CAIN, JR.