IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLENE HOWELL, as personal representative of the Estate of JAMES FARRELL HOWELL, deceased, | § § § § | |
| Plaintiff, | § § | CASE NO. 3:06cv417-WHA |
| v. | § § | |
| J & J WOOD, INC., et al., | § § § | |
| Defendants. | § | |

**JIMMY JONES, JR.'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW, one of the Defendants, Jimmy Jones, Jr. and moves this Honorable Court pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment in his favor as there is no genuine issue of any material fact and Jimmy Jones, Jr., is entitled to summary judgment as a matter of law. As grounds therefore, Jimmy Jones, Jr., states as follows:

This Motion is supported by:

    1.    Excerpts from the deposition of Jimmy Jones, Jr., attached hereto as Exhibit "A".

**Narrative Summary of Undisputed Facts**

J&J Wood, Inc., is a corporation owned by Jimmy Jones, Sr., and Jimmy Jones, Jr. (See page 12 of depo of Jimmy Jones, Jr., attached hereto as Exhibit "A"). Jimmy

Jones, Jr., is Vice President of J&J Wood, Inc. (See page 12 of depo of Jimmy Jones, Jr., attached hereto as Exhibit "A"). His job duties include loading logs and performing maintenance on J&J Wood, Inc trucks. (See page 18 of depo of Jimmy Jones, Jr., attached hereto as Exhibit "A").

On the date of the accident made the basis of this lawsuit, Timothy Lee Simonds, the driver of the J&J Wood, Inc., truck that was involved in the accident made the issue of this lawsuit, called Jimmy Jones, Jr., indicating that he had a slack (or low) tire. (See p. 70 of depo of Jimmy Jones, Jr., attached hereto as Exhibit "A"). Jimmy Jones, Jr., traveled in a J&J Wood service truck to meet Timothy Lee Simonds where he had parked the truck at issue to a Big Cat Service Station in Phenix City, Alabama. (See pp. 73-76 of depo of Jimmy Jones, Jr., attached hereto as Exhibit "A"). Jimmy Jones, Jr., aired up the tire and followed Timothy Simonds up Highway 165 in Phenix City. When the tire became slack again, Timothy Simonds and Jimmy Jones, Jr., pulled off into Misty Pines subdivision. (See p. 78 of depo of Jimmy Jones, Jr., attached hereto as Exhibit "A"). When Jimmy Jones, Jr., was unable to repair the tire, he pumped it up and instructed Simonds to drive back down to the Big Cat and leave the truck for the night. (See pp. 92-93 of depo of Jimmy Jones, Jr., attached hereto as Exhibit "A"). While Timothy Simonds was on his way back to the

Big Cat, the accident made the basis of this lawsuit occurred. (See page 93 of depo of Jimmy Jones, Jr., attached hereto as Exhibit "A").

## ARGUMENT

I. Jimmy Jones, Jr. is not personally liable for the corporate acts of J&J Wood, Inc.

As a shareholder, Jimmy Jones, Jr. is not personally liable for the corporate acts of J&J Wood, Inc. See Wright v. Alan Mills, Inc., 567 So. 2d 1318, 1319 (Ala. 1990). In Wright, the Alabama Supreme Court refused to hold the sole stockholder who controlled the day-to-day operations of a corporation personally liable for the corporation's obligations absent a showing that she was using the corporation as a device to defraud or to circumvent Alabama corporation law. Id. Plaintiff cannot offer any proof that Jimmy Jones, Jr. used J&J Wood, Inc. as a device for any wrongful purpose.

In Tallant v. Grain Mart, Inc., the Alabama Supreme Court noted that "[i]t is axiomatic that officers of a corporation are merely agents of the corporation and are not personally liable for obligations incurred by the corporation in the usual course of business, absent statute, charter provision, or personal agreement to the contrary." 432 So. 2d 1251, 1254 (Ala. 1983). The Court affirmed a directed verdict for the

president of a corporation on breach of contract and fraud counts, since all statements made by the president were corporate in nature.  Id.

It is well settled that when an agent, acting within his real or apparent authority, enters a contract on behalf of his principal, only the principal is bound and subject to suit on the contract. Fossum v. Poston, 464 So.2d 116, 117 (Ala. Civ. App. 1985). In Fossum, the court considered a claim brought by the plaintiffs who were purchasers of a home against Jim Poston individually (the president of Jim Poston Homebuilders, Inc.).  The court found that Poston would not be liable individually notwithstanding evidence that he represented the corporation in negotiations with the plaintiffs and admitted to an agreement related to a refund that was the subject of the lawsuit.  The court held because Poston was only an agent or representative of the corporation, he was not liable individually.

The concept that a corporation is a legal entity existing separate and apart from its shareholders is well settled in this state. Co-Ex Plastics, Inc. v. AlaPak, Inc., 536 So.2d 37 (Ala. 1988). Alorna Coat Corp. v. Behr, 408 So.2d 496 (Ala. 1981). In Alabama, as elsewhere, it is basic that a corporation is a distinct and separate entity from the individuals who compose it as stockholders or who manage it as directors or officers. Loper v. Gill, 282 Ala. 614, 213 So.2d 674 (1968). The corporate structure is intended to protect shareholders and officers from liability arising from

the operation of the corporation. Messick v. Moring, 514 So.2d 892, 894 (Ala.1987). Indeed, limited personal liability is one of the very reasons corporate entities are in existence. A legitimate primary purpose of any corporation is to limit the liability of its shareholders. M & M Wholesale Florist, Inc. v. Emmons, 600 So.2d at 999 (citing Chenault v. Jamison, 578 So.2d 1059, 1061 (Ala. 1991)). See also Messick v. Moring, 514 So.2d at 894 ("the limitation of personal liability is a valid corporate attribute"). [E]ven though a corporation is controlled by only one person, who is also the sole shareholder, in the absence of fraud or inequity, he will be protected from individual liability by the corporate entity. Washburn v. Rabun, 487 So.2d 1361 (Ala. 1986).

> II.     At all times relevant, Jimmy Jones, Jr., was acting in his capacity as agent and owner of J&J Wood, Inc., and the individual claims against him should be dismissed accordingly.

The Plaintiff has not only sued J&J Wood, Inc. in this cause, but also Jimmy Jones, Jr. in his individual capacity. "Acts performed by the same person in two different capacities are 'generally treated as the transactions of two different legal personages.'" Bender v. Williamsport Area School Dist., 475 U.S. 534, 106 S. Ct. 1326 (U.S. Pa. 1986, citing F. James & G. Hazard, Civil Procedure §11.6 p. 594 (3d ed. 1985)).

In the instant case, there is no evidence of any negligence on the part of Jimmy Jones, Jr. in his individual capacity. Jimmy Jones, Jr. testified that he assisted Timothy Simonds by trying to repair or air up the slack tire of a J&J Wood, Inc. logging truck. At the time of the accident, he was acting well within his job duties of helping to maintain J&J Wood, Inc. trucks.

Similarly, in Jamar v. Kimbrough, 703 So. 2d 879 (Ala. 1997), Trenton James, owner of Valley Manufactured Homes, Inc. hired Baker to assist him transporting a double wide manufactured home. Baker retained the services of Kimbrough to escort Baker's truck. While escorting Baker, Kimbrough pulled off the roadway and then pulled back onto it. Baker swerved to avoid hitting Kimbrough and collided with Jamar's vehicle causing him injuries. Jamar settled his claims with Baker and Valley. He signed a release releasing Kimbrough to the extent he was acting under the direction and control of Valley or James as "agents, servants or employees."

Baker and Kimbrough moved for summary judgment based on the release and Jamar argued that Baker and Kimbrough were not released because they were acting as individuals at the time of the accident. The Alabama Supreme Court found that there was no evidence that Baker and Kimbrough were acting in their individual capacities at the time of the accident affirming summary judgment on behalf of Baker and Kimbrough. See Id.

The same is true in this case.  The Plaintiff has sued Jimmy Jones, Jr. in his individual capacity, but there is no evidence that Jimmy Jones, Jr. was acting individually and independent of J&J Wood, Inc. at the time of the accident.  In fact, all the evidence in this cause reveals that Jimmy Jones, Jr. was acting as an agent for J&J Wood, Inc. on the date of the accident made the basis of the Plaintiff's complaint.

## CONCLUSION

At all times relevant to this cause, Jimmy Jones, Jr. was not acting individually, but as an agent for J&J Wood, Inc.  There is no evidence otherwise.  Additionally, Jimmy Jones, Jr. is a fifty percent shareholder in J&J Wood, Inc. along with his father, Jimmy Jones, Sr.  The primary purpose for a corporate entity is to limit the personal liability of its shareholders.   Jimmy Jones, Jr. therefore cannot be held personally liable for the acts of the company absent evidence that Jimmy Jones, Jr. was using the corporation as a device to defraud others.

WHEREFORE, PREMISES CONSIDERED, Jimmy Jones, Jr. moves this Honorable Court to enter an Order granting  summary judgment on his behalf as to each and every count of the plaintiff's Complaint.

                                        s/CINDY L SELF  
                                        PAUL A. MILLER (MIL011)  
                                        CINDY L. SELF (SEL035)  
                                        Attorney for the Defendants

**OF COUNSEL:**
LAMAR, MILLER, NORRIS,
HAGGARD & CHRISTIE, P.C.
501 Riverchase Parkway East, Suite 100
Birmingham, AL  35244
(205) 326-0000; Fax: (205)323-2945
cself@lmnflaw.com

## CERTIFICATE OF SERVICE

     I hereby certify that on May 14, 2007, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

David S. Cain, Jr., Esq.
Post Office Box 66705
Mobile, Alabama   36660

                        s/CINDY L SELF
                         OF COUNSEL