11

# WOLF TECHNICAL SERVICES, INC.



## SUMMARY OF ANALYSIS

Prepared for:

David S. Cain Jr
**Cunningham, Bounds, Crowder, Brown and Breedlove, LLC**
1601 Dauphin Street
Mobile, AL  36604

Your Reference: Howell v. J & J Wood, Inc., et. al.
**WOLF Project No.: 06-0032-2906**

Wolf Technical Services, Inc. ∘ 6836 Hawthorn Park Drive ∘ Indianapolis, IN 46220-3909
(800) 783-9653 ∘ (317) 842-6075 ∘ FAX (317) 842-6974



April 5, 2007

At approximately 9:30 p.m., Mr. Jones advised Mr. Simonds that the tire could not be repaired and told him to return to the Big Cat truck stop. Mr. Simonds then pulled his tractor-trailer across Alabama Highway 165, blocking all four lanes as he attempted to turn left and go back north. As he was pulling across the highway, a 1992 Chevrolet Lumina that was being driven by Mr. James Howell was traveling southbound on 165. Due to the dark, rainy conditions and the dirty condition of the striping and lights on the side of Mr. Simonds trailer, Mr. Howell failed to observe that the trailer was blocking the highway and struck the rear tandems. As a consequence of the collision, Mr. Howell was killed and his passenger, Kyong Kim received serious injuries.

In the vicinity of the collision, Alabama 165 has 2 lanes in each direction with a double yellow line dividing them. In addition, there is a short deceleration lane for southbound traffic that is turning onto Misty Forest Drive and a shoulder south of the intersection. The speed limit is 55 miles per hour for Alabama 165 traffic. There is no posted speed limit for Misty Forest Drive. No stop signs or warnings are posted for the through traffic on Alabama 165. Misty Forest Drive is controlled by a stop sign at the intersection of 165.

## CONCLUSIONS

1. It is my opinion that, Timothy Simonds did not have adequate experience to safely operate a commercial motor vehicle.
2. It is my opinion that, Timothy Simonds' prior drug history should have prevented J & J from employing him as a commercial driver.
3. It is my opinion that, Timothy Simonds should have been terminated as a commercial driver after having a collision within his first 30 days of driving.
4. It is my opinion that, J & J Wood's driver qualification file for Timothy Simonds was incomplete and failed to meet the requirements set forth in the Federal Motor Carrier Safety Regulations (FMCSR) CFR 49, section 391.
5. It is my opinion that, J & J Wood, Inc. failed to properly conduct investigations into Timothy Simonds' background as required by CFR 49, section 391.
6. It is my opinion that, J & J Wood, Inc. failed to require Timothy Simonds to provide accurate Records of Duty Status as required by CFR 49, Part 395.
7. It is my opinion that, J & J Wood, Inc. failed to require proper pre-trip inspections by Timothy Simonds.
8. It is my opinion that, J & J Wood, Inc. failed to properly maintain the truck and trailer that Timothy Simonds was operating at the time of the collision.
9. It is my opinion that, J & J Wood, Inc. failed to require a post-collision drug test for Timothy Simonds following the fatal collision with Mr. Howell. It is further my opinion that, this failure is particularly important due to their knowledge of Mr. Simonds' prior history of chronic drug abuse.
10. It is my opinion that, J & J Wood, Inc. routinely operated their trucks in an overweight condition that would cause excess wear and tear on the tires and suspension of their equipment.



April 5, 2007

11. It is my opinion that, on the date of this collision, the tractor-trailer that Timothy Simonds was driving was overweight and that he had been operating it illegally in the states of Georgia and Alabama.
12. It is my opinion that, J & J Wood, Inc. had the experience and training to know that the truck that Timothy Simonds was driving on the date of the collision was overweight and that they knowingly allowed it to operate illegally.
13. It is my opinion that, at the time of the collision, at least 6 of the tires on the tractor-trailer that Mr. Simonds was driving were under-inflated.
14. It is my opinion that, the trailer that Timothy Simonds was operating was excessively dirty and that dirt and grime obscured the retro-reflective taping on the side.
15. It is my opinion that, several of the tires, on the tractor-trailer that Timothy Simonds was operating on the evening of the collision had inadequate tread and were unsafe to operate on public highways.
16. It is my opinion that, on the date of this collision, Timothy Simonds falsified his record of duty status (log book) and that he was operating in excess of the federally mandated hours of service limitations.
17. It is my opinion that, Timothy Simonds failed to properly check for approaching traffic before attempting to cross the southbound lanes of Alabama 165.
18. It is my opinion that, if Timothy Simonds was negotiating his entry onto northbound Alabama 165 within a reasonable period of time, the Howell vehicle would have been visible to him at the time he decided to pull out of Misty Forest Drive. It is further my opinion that if the Howell vehicle had not yet become visible at the time that Simonds initiated his pullout, then the time that he took to negotiate the pullout was excessive and not consistent with proper driving of a commercial motor vehicle.
19. It is my opinion that if Mr. Simonds was attempting to make a U-turn at the time of the collision, that such a maneuver was inappropriate and represented an unnecessary hazard to all traffic on Route 165.
20. It is my opinion that, Timothy Simonds violated CFR 49, part 382 by not submitting to a drug and alcohol test within the prescribed time limits following the fatal collision with the Howell vehicle.
21. It is my opinion that, Timothy Simonds failed to properly perform a pre-trip inspection on his vehicle and that he was operating an unsafe vehicle on the highways.
22. It is my opinion that, if Timothy Simonds, at the request of Jimmy Jones Jr., backed his vehicle along the shoulder of Alabama 165 and into Misty Forest Drive, that such a maneuver was unsafe and inconsistent with the safe operation of a tractor-trailer.
23. It is my opinion that, the fact that the tire on Simonds' trailer had gone flat twice prior to being aired up by Jimmy Jones, Jr. was clear evidence of a defect in the tire and that the tire should have been replaced or repaired before leaving the lot of the Big Cat truckstop.



April 5, 2007

24. It is my opinion that, this collision is the result of improper hiring, improper supervision, and improper driving practices. It was completely foreseeable that Mr. Simonds was an unqualified driver and that there was a high potential for him to be involved in a serious collision.
25. The decision by J & J Wood, Inc. to hire and use Timothy Simonds as a professional truck driver was inconsistent with industry standards and expectations and represented a willful disregard for the safety of the motoring public.
26. The decision by Timothy Simonds to pull across Alabama 165 without properly checking for oncoming traffic represented a willful and gross disregard for the safety of the motoring public and is inconsistent with industry expectations of a professional driver.

**MATERIALS REVIEWED**

- Deposition of Kyong M. Kim
- Deposition of Lester McCord
- Deposition of Jimmy C. Jones, Jr.
- Deposition of Timothy Lee Simonds
- Deposition of Jimmy C. Jones, Sr.
- Phenix City Police Department Patrol Division Traffic Homicide Unit Traffic Homicide Investigation, Case Number: 05PL30374
- Defendant J & J Wood, Inc.'s Answers to Plaintiff's First Interrogatories
- Defendant J & J Wood, Inc.'s Responses to the Plaintiff's First Request for Production
- Military Police Report # 00256-2006-MPC013
- Work Comp claim # 3039884
- Personnel Record of Timothy Lee Simonds
- Vehicle Inspection Reports for Tractor #17 and Trailer #7
- Federal Motor Carrier Safety Administration audit of J & J Wood, Inc., dated 9/23/04 with attached correspondence regarding penalties and fines.
- Various Overweight Citations issued to J & J Wood, Inc. by the State of Georgia for Bridge Law Violations
- Georgia Department of Public Safety MCSAP Inspection # GA0205000936
- Driver's Daily Logs for Timothy Simonds for August, 2005, through January, 2006, with attached Daily Vehicle Inspection Reports
- Timothy Lee Simonds' Answers to Plaintiff's First Interrogatories
- Timothy Lee Simonds' Response to the Plaintiff's Request for Production of Documents
- Visit to the Collision Site, February 7, 2007
- Inspection of the Tractor and Trailer, February 8, 2007
- Phone conversation with Columbus Tire Company, March 15th, 2007