16

# WOLF TECHNICAL SERVICES, INC.



# SUMMARY OF ANALYSIS

Prepared for:

David S. Cain Jr
**Cunningham, Bounds, Crowder, Brown and Breedlove, LLC**
1601 Dauphin Street
Mobile, AL  36604

**Your Reference: Howell v. J & J Wood, Inc., et. al.**
**WOLF Project No.: 06-0032-2906**

April 5, 2007

to AL 165 from the west side. Mr. Simonds pulled into the deceleration lane and stopped his truck there. He got out of his truck and spoke with Mr. Jones. Mr. Jones told Mr. Simonds that the tire had gone flat again.

On examining the tire, both men realized they were not able to fix it that evening. Mr. Jones told Mr. Simonds that he would have to drive the rig back to the Big Cat and leave it there until the morning when they could get it fixed.

Mr. Simonds got back in his truck and started to turn the truck around to head back north.

Mr. Howell and Ms. Kim were traveling south along AL 165 when Mr. Simonds started his maneuver to head back north. It is not clear exactly how far north of the Misty Forest entrance they were when Mr. Simonds first started his maneuver. Mr. Simonds and Mr. Jones, Jr. both said that they did not see any traffic coming when the truck started to pull across the highway. Whether or not they saw Mr. Howell's car when the truck first started moving, there did come a time when the car was visible heading toward the now turning tractor and trailer. The car collided with the rear-most driver's side trailer tire as the tractor had reached a generally north-northeast orientation. At that time, the trailer was very nearly perpendicular to the highway and moving only slightly to the east. During the collision process, the car rotated counter-clockwise (as viewed from above) and rebounded into the deceleration lane on the west side of the road. The truck and trailer traveled only a short distance further before coming to its final rest position. As a result of the collision, Mr. Howell was fatally injured, and Ms. Kim was seriously injured.

Wolf Technical Services, Inc. (WOLF) was contacted with regard to this incident on October 21, 2005. We were asked to review written material, conduct a site inspection, inspect the tractor and trailer, perform an accident reconstruction and consult with your office regarding the tractor/trailer visibility and truck driving practices. Mr. James S. Sobek, P.E. has performed the accident reconstruction with the assistance of John Whitaker, ACTAR. Mr. Sobek has performed the visibility analysis. Mr. Walter A. Guntharp has analyzed the incident with respect to professional driving practices. All of these individuals are WOLF staff members. Mr. Guntharp has provided his analysis in a separate report.

## CONCLUSIONS

It is our technical opinion, based on the information available to us, that Mr. Simonds did not perform the backing and turning maneuvers that he and Mr. Jones reported to the police and described in their depositions. Rather, Mr. Simonds executed a U-turn from the deceleration lane at the west side of AL 165.



April 5, 2007

It is our opinion that, the Howell Lumina was traveling about 55 miles per hour just before the accident.

It is our opinion that, the investigating officer's interpretation of the instrument panel needle positions as meaning that the car was traveling about 64 miles per hour at impact is incorrect.

It is our opinion that, because the J&J Wood trailer was so dirty and poorly lighted and because the tractor was much more noticeable, neither Mr. Howell nor Ms. Kim would have been able to notice the trailer across the road in front of them until the car had closed to with about 85 feet of the point of impact.

It is our opinion that, Mr. Howell did finally see the trailer directly in front of him. Taking another 45 feet (a little more than ½ second) to get to the brakes, he was able to reduce the car's speed to about 45 miles per hour by the time of impact.

It is our opinion that, when the situation finally became clear to Mr. Howell, there was no way that he could have avoided colliding with the log trailer.

It is our opinion that, the condition of the conspicuity sheeting was so dirty that the trailer did not meet the requirements set forth in Federal Motor Carrier Safety Regulations (FMCRS) 393.9 Subpart B (b)[1] and in no way provided to the car's occupants any visual information of the trailer's presence on the highway.

It is our opinion that, the location and grimy condition of the side marker lights on the trailer provided extremely limited information about the trailer's presence to Mr. Howell and Ms. Kim.

It is our opinion that, the amber strobe mounted on the rear of the log load as shown in the police photos, provided misleading information to Mr. Howell as to the situation ahead.

It is our opinion that, the site geometry that Mr. Simonds and Mr. Jones, Jr. selected to make this maneuver combined with the extremely dirty conditions of the lights and conspicuity tape prevented Mr. Howell from seeing the trailer across the road until a collision was inevitable.

It is our opinion that, if the trailer conspicuity systems had been maintained in a reasonable fashion, the tractor/trailer combination would have been entirely visible and appreciable for what it was by the time Mr. Howell reached a distance of 1000 feet away.

---

[1] Also see Federal Motor Vehicle Safety Standard 108.

3    WOLF Project No.: 06-0032-0232



April 5, 2007

It is our opinion that, J & J Wood's inattention to the condition of the trailer's lighting and reflector systems both prior to this collision and during our inspection of the subject truck and trailer indicates a gross lack of concern for the safety of the motoring public.

**EVIDENCE**

Information available for our analysis has included the following:

- Deposition of Kyong M. Kim
- Deposition of Lester McCord
- Deposition of Jimmy C. Jones, Jr.
- Deposition of Timothy Lee Simonds
- Deposition of Jimmy C. Jones, Sr.
- Deposition of Corporal Jeffrey Freeman
- Deposition of Lieutenant Williams
- Deposition of Jeremy Burnette
- Phenix City Police Department Patrol Division Traffic Homicide Unit Traffic Homicide Investigation, Case Number: 05PL30374
- Defendant J & J Wood, Inc.'s Answers to Plaintiff's First Interrogatories
- Defendant J & J Wood, Inc.'s Responses to the Plaintiff's First Request for Production
- Military Police Report # 00256-2006-MPC013
- Work Comp claim # 3039884
- Federal Motor Carrier Safety Administration audit of J&J Wood, Inc., dated 9/23/04 with attached correspondence regarding penalties and fines.
- Various Overweight Citations issued to J & J Wood, Inc. by the State of Georgia for Bridge Law Violations
- Georgia Department of Public Safety MCSAP Inspection # GA0205000936
- Driver's Daily Logs for Timothy Simonds for August, 2005, through January, 2006, with attached Daily Vehicle Inspection Reports
- Timothy Lee Simonds' Answers to Plaintiff's First Interrogatories
- Timothy Lee Simonds' Response to the Plaintiff's Request for Production of Documents
- Site visit conducted by Mr. Sobek and Mr. Guntharp on February 7, 2007
- Daytime and nighttime photographs taken during that site visit
- Field measurements made during that site visit
- Audio recording of observations made by Mr. Sobek during that site visit
- Inspection of the Tractor and Trailer on February 8, 2007
- Photographs taken during that vehicle inspection
- Measurements made during that vehicle inspection
- Audio recording of observations made by Mr. Guntharp during that inspection
- Examination of the instrument cluster from the Howell vehicle