IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLENE HOWELL, as personal representative of the Estate of JAMES FARRELL HOWELL, deceased, | § § § § | |
| Plaintiff, | § | CASE NO. 3:06cv417-WHA |
| v. | § § § | |
| J & J WOOD, INC., et al., | § § § | |
| Defendants. | § | |

### JIMMY JONES, JR.'S OBJECTION, MOTION TO STRIKE AND RESPONSE TO THE PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

COMES NOW the Defendant Jimmy Jones, Jr. and objects to the Plaintiff's evidentiary submission containing the Plaintiff's Rule 26 expert reports of Walt Guntharp and James Sobek as well as the Plaintiff's repeated references and citations thereto in her opposition to this Defendant's Motion For Summary Judgment. As grounds therefore, Jimmy Jones, Jr. states that said reports contain inadmissible hearsay and are irrelevant in contravention to Federal Rules of Evidence 704 and 411. Jimmy Jones, Jr. further states that the Plaintiff's experts were recently deposed. In their depositions, they were cross-examined about the various positions in their reports wherein they stated that some of said acts or omissions did not contribute to the accident made the basis of this lawsuit. Jimmy Jones, Jr. cannot be

held liable in tort for acts or omissions which did not proximately cause the accident made the basis of this lawsuit. Jimmy Jones, Jr. requests the opportunity to supplement this response once said transcripts are received. Jimmy Jones, Jr. moves to strike the submissions of said reports and all references in motion to said inadmissible hearsay. Rule 56(e) of the Federal Rules of Civil Procedure require that submissions "set forth such facts as would be admissible in evidence."

**Actions and/or Omissions of Jimmy Jones, Jr.**

The Plaintiff correctly points out that Jimmy Jones, Jr. loaded the truck that was involved in the accident. However, the Plaintiff incorrectly asserts that the truck at issue was overloaded. A proper reading of the cited testimony indicates that the loading of the truck was proper as it occurred in Alabama under Alabama's loading requirements. (See pp. 39 & 43 of depo. of Jimmy Jones, Jr., attached hereto as Exhibit 1).

Jimmy Jones, Jr. further testifies that he, his father and the drivers are responsible for ensuring compliance of vehicles and drivers. (See p. 19 of deposition of Jimmy Jones, Jr., attached hereto as Exhibit 1). As to the allegations regarding the qualification of Timothy Simonds to drive the truck at issue, Timothy Simonds clearly testified that Jimmy Jones, Sr. ("Mr. Jim") hired him, not Jimmy Jones, Jr. When interviewing and providing his qualifications, he only spoke to Jimmy Jones,

Sr. and Cathy, Jimmy Jones, Jr.'s sister. (See pp. 45-49 of depo. of Timothy Simonds, attached hereto as Exhibit 2). There is no evidence that Jimmy Jones, Jr. was involved in the hiring or review of Timothy Simonds' driver qualifications.

Although the Plaintiff asserts that Jimmy Jones, Jr. "admitted" that he saw Howell's vehicle traveling south on Highway 165 and "nevertheless" directed Simonds out into the Highway, Jimmy Jones, Jr. actually testified that there were no cars coming when he motioned for Timothy Simonds to pull out of Misty Forest subdivision. (See pp 99-100 of depo. of Jimmy Jones, Jr, attached hereto as Exhibit 1). He told, "Tim to come on." Then about the time Simonds came out with his tractor, Jimmy Jones, Jr. turned his head to the right saw the lights of a vehicle coming over the hill. (See pp. 99-100 of depo. of Jimmy Jones, Jr., attached hereto as Exhibit 1). There is simply no evidence that Jimmy Jones, Jr. saw the Howell vehicle and the instructed Timothy Simonds to pull out in front of it.

Jimmy Jones, Jr. clearly testifies that his duties at J&J Wood, Inc. are shared among other employees and his father, another shareholder. The Plaintiff's mere assertions that the truck was not maintained and that the driver was not qualified is not enough to hold Jimmy Jones, Jr. personally responsible.

## CONCLUSION

The purpose for a corporate entity is to limit the personal liability of its shareholders. Jimmy Jones, Jr. cannot be held personally responsible simply because his general duties as an officer include maintenance of vehicles absent specific evidence that Jimmy Jones, Jr. acted specifically in tort and that said actions caused damage to the Plaintiff. If the proposition asserted by the Plaintiff were true then all Human Resource Managers and all Maintenance Directors in every corporation in the state of Alabama could be subjected to personal liability because of their general duties. The cases cited by the Plaintiff concern fraud, misappropriation of funds, conversion or other unlawful taking by officers of corporations. The plaintiff cites no personal injuries cases involving negligent entrustment issues such as the case at bar finding a corporate shareholder personally liable. Claims such as these lie with the corporate entity.

WHEREFORE, PREMISES CONSIDERED, Jimmy Jones, Jr. moves this Honorable Court to enter an Order granting summary judgment on his behalf as to each and every count of the plaintiff's Complaint.

          Respectfully Submitted,

          s/CINDY L SELF
          PAUL A. MILLER (MIL011)
          CINDY L. SELF (SEL035)
          Attorney for the Defendants

**OF COUNSEL:**
LAMAR, MILLER, NORRIS,
HAGGARD & CHRISTIE, P.C.
501 Riverchase Parkway East, Suite 100
Birmingham, AL  35244
(205) 326-0000; Fax: (205)323-2945
cself@lmnflaw.com

## CERTIFICATE OF SERVICE

     I hereby certify that on June 12, 2007, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

David S. Cain, Jr., Esq.
Post Office Box 66705
Mobile, Alabama   36660

          s/CINDY L SELF
           OF COUNSEL