IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLENE HOWELL, as personal representative of the Estate of JAMES FARRELL HOWELL, deceased, | § § § § | |
| Plaintiff, | § § | CASE NO. 3:06cv417-WHA |
| v. | § § | |
| J & J WOOD, INC., et al., | § § § | |
| Defendants. | § | |

**BRIEF IN SUPPORT OF MOTION FOR ORDER
TO WILCOX PRISON**

COME NOW Timothy Lee Simonds, Jimmy Jones, Jr. and J&J Wood, Inc., and pursuant to this Honorable Court's Order of June 21, 2007, states as follows:

**Timothy Lee Simonds' Right to Attend a Civil Trial**

Although a defendant does not have an absolute right to attend pre-trial proceedings (*i.e.* depositions), "when an inmate's civil action reaches the trial stage . . . a Court must take all reasonable steps necessary to insure the inmate receives a fair 'day in court' to which he is entitled." Holt v. Pitts, 619 F. 2d. 558, 561-62 (6th Circuit 1980, citing Heidelberg v. Hammer, 755 F. 2d. 429, 431 (7th Circuit 1978), Wilkinson, 137 F. 3d 911 (6th Cir. 1998), In re Collins, 73 F.3d 614 (6th Cir. 1995). The Federal Courts have also found that the, "[e]xclusion of a party who is able to comprehend the proceedings and aid his attorney would infringe upon the

'fundamental standard of fairness which every litigant before a Federal Court has a right to expect.'" Helminski v. Ayerst Laboratories, 766 F. 2d. 208 (6th Circuit 1985, quoting Drayton v. Jiffee Chemical Corp., 591 F. 2d. 352, 361 (6th Circuit 1978).

The matter of the Warden of Wisconsin State v. Zajackowski, 541 F. 2d. 177 (7th Circuit 1976) is instructive as to the issues before the Court. In the Zajackowski case, the District Court for the Western District of Wisconsin enjoined the Warden of Wisconsin State Prison "from interfering in any way with the presence of Richard Alan Moeck in the courtroom" of the District Court for his civil trial. The Warden appealed arguing that he is responsible for the prisoners, he must send prison guards to accompany prisoners outside the confines of the prison and that the expense of escorting the prisoner was an unreasonable and unnecessary burden. The Warden also contended that the issuance of the Writ was an abuse of the Court's discretion and violated the principals of comity between state and federal sovereigns. The United States Court of Civil Appeals did not reach the issue of comity finding that the Warden had submitted to the jurisdiction of the Federal Court at a previous hearing. Id. at 179. Although the United States Court of Civil Appeals did not find that the prisoner had fundamental right to entrance and access to the Court for civil proceedings that he initiates, it ruled that the Trial Court must balance the state's interest in maintaining the confinement of prison with the prisoner's interest in

appearing at trial of a civil action. The Court of Civil Appeals reasoned that in order to determine whether a prisoner has the right to be present at trial in a civil action, the trial court should determine whether the prisoner's presence is reasonably necessary. The United States Court of Appeals reversed and remanded the case for a determination as to this issue. Id. at 182.

While the Helminski Court seems to indicate that the right to be present in court for a civil lawsuit is fundamental, the Zajackowoski Court did not find the right fundamental to cases that are initiated by the prisoner. The Fifth Amendment to the United States Constitution provides Simonds with a right to due process of law. The Alabama Constitution affords Simonds access to the Courts "and right and justice shall be administered without sale, denial, or delay." ALA. CONST. ART. I, § 13 (1901). Even if Simonds' right to attend his civil trial is not absolute, he does have a right to attend in absence of an overwhelming reason to the contrary. Marks v. Mobil Oil Corp., 562 F. Sup. 759, 766 (D.C. Pa., 1983). Further, 28 U.S. C.A §1654 provides,

> In all courts of the United States the parties may plead and conduct
> their own cases personally or by counsel as, by the rules of such
> courts, respectively, are permitted to manage and conduct causes therein.

In the instant case, Timothy Lee Simonds is competent and able to assist his counsel at the trial in this cause. Additionally, he is a Defendant in a civil lawsuit.

This is not a civil action which he initiated. Importantly, he was the driver of a vehicle that was involved in the accident made the basis of this lawsuit. He has direct knowledge of the facts and circumstances involved in this case.

### The Court's Authority and Procedural Mechanism to be used.

District Courts have the power to command that a prisoner be brought before it. See Price v. Johnson, 334 U.S. 284 (1948)( *rev'd on other grounds)* pursuant to 28 U.S. C. A. § 1651(a) which states,

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

The Court in Price determined that this statute applies to the District Courts. See Id.

The Plaintiff has no objection to Simonds' presence at trial. (See plaintiff's Response to Motion For Order to Wilcox State Prison). Furthermore, the Warden of the Georgia Department of Corrections could waive any jurisdictional discrepancies, if any. See Warden of Wisconsin State v. Zajackowski, 541 F. 2d. 177 (7th Circuit 1976).

According to the cases cited above, specifically Price v. Johnson, 334 U.S. 284, 285 (1948), the proper procedural mechanism to be utilized by the Court is a

special Writ in the nature of a Writ of Habeas Corpus for the prisoner to be brought to the courtroom.

                                        Respectfully Submitted,

                                        s/CINDY L SELF
                                        PAUL A. MILLER (MIL011)
                                        CINDY L. SELF (SEL035)
                                        Attorney for the Defendants

**OF COUNSEL:**

LAMAR, MILLER, NORRIS,
HAGGARD & CHRISTIE, P.C.
501 Riverchase Parkway East, Suite 100
Birmingham, AL  35244
(205) 326-0000; Fax: (205)323-2945
cself@lmnflaw.com

## CERTIFICATE OF SERVICE

     I hereby certify that on June 29, 2007, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

David S. Cain, Jr., Esq.
Post Office Box 66705
Mobile, Alabama   36660

                                        s/CINDY L SELF
                                        OF COUNSEL