IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

CHARLENE HOWELL, as personal )
representative of the Estate of JAMES )
FARRELL HOWELL, deceased, )
　 )
　　　　　Plaintiff, ) CIVIL ACTION NO. 3:06-CV-417-WHA
　 )
vs. ) (WO)
　 )
J & J WOOD, INC., et al., )
　 )
　　　　　Defendants. )

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

This cause is before the court on a Motion for Summary Judgment (Doc. # 51), filed by

Defendant Jimmy Jones, Jr., a Motion to Strike (Doc. #59) filed by Defendant Jimmy Jones, Jr.,

and a Motion for Separate Trials (Doc. #48), filed jointly by the Defendants.  The Plaintiff

originally filed a Complaint in this case in the Circuit Court of Russell County on January 30,

2006, alleging numerous claims against multiple defendants including negligence, wantonness,

and negligent entrustment.  The Defendants filed a "Notice of Removal" on May 4, 2006,

removing the case to this court on the basis of diversity subject matter jurisdiction.  On February

5, 2007, the Plaintiff filed an Amended Complaint (Doc. #34) adding Jimmy Jones, Jr. as a

Defendant.

For the reasons to be discussed, Defendant Jimmy Jones, Jr.'s Motion for Summary

Judgment is due to be GRANTED, in part, and DENIED, in part, Defendant  Jimmy Jones, Jr.'s

Motion to Strke is due to be DENIED, as moot, and the Defendants' Motion for Separate Trials is due to be GRANTED.


## II.  SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323.  The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Id.* at 322-324.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  *Id.* at 324.  To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec.*

*Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).

After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

## III.  FACTS

The submissions of the parties establish the following facts, viewed in a light most favorable to the non-movant:

This action arises out of a collision that occurred on Highway 165, south of Phenix City, Alabama on October 5, 2005 at approximately 9:30 P.M, as Defendant Timothy Simonds ("Simonds"), under the supervision Defendant Jimmy Jones, Jr. ("Jones"), attempted to turn a J & J Wood, Inc. ("J & J Wood") logging truck around across four lanes of traffic. The vehicle of James Farrell Howell ("Howell") collided with the back left tire of the truck, killing Howell. The passenger in Howell's vehicle also was injured severely.

Prior to this collision, Simonds noticed a tire on the truck had gone "slack," meaning there was low tire pressure and the tire was going flat. Simonds stopped the truck at a convenience store at the corner of Highway 431 and Highway 165 and called Jones for assistance. Jones met Simonds with the J & J Wood service repair truck and "aired up" the "slack" tire. Simonds then proceeded to drive the truck along Highway 165 with Jones following in the repair truck. They stopped at the Big Cat Service Station and inspected the

tire.  At that point, the tire was still holding air, so they continued along Highway 165.

Several miles later, the tire went "slack" again, and Simonds pulled the truck over in a turn

lane leading into the Misty Pines subdivision.

Unable to repair the tire, Jones determined that the tire should be aired up so that the

truck could be driven back to the Big Cat Service Station where they could leave the truck

until the following day.  Under the direction of Jones, Simonds maneuvered the truck across

the highway in an attempt to turn around.  The accident causing Howell's death occurred as

the truck was blocking all lanes of the highway.


## IV. <u>DISCUSSION</u>

Because there are three distinct issues before the court, the Motion for Summary

Judgment, the Motion to Strike and the Motion for Separate Trials, the court will discuss each

issue separately below:

### A. *Defendant Jones's Motion for Summary Judgment*

In his Motion for Summary Judgment, Defendant Jones argues that, even though he is a

part-owner and officer of J & J Wood, Inc., he cannot be held liable for the corporate acts

leading to the Plaintiff's injuries.  Simply stated, Jones argues that he was acting within the

scope of his employment at the time of the accident and that no liability attaches to him

personally for his acts in that capacity.  Furthermore, Jones claims that there is no evidence that

he acted negligently in his individual capacity.  In contrast, the Plaintiff argues that Jones is

liable for the torts that he personally commits, regardless of his status as an owner and officer

4

with J & J Wood.  The Plaintiff further contends that Jones cannot escape individual liability on

the ground that he was acting in his capacity as owner and agent of J & J Wood.

"'In Alabama, the general rule is that officers or employees of a corporation are liable for

torts in which they have personally participated, irrespective of whether they were acting in a

corporate capacity.'"  *Consol. Constr. Co. of Ala. v. Metal Bldg. Components, L.P.*, ___ So. 2d

___, 2007 WL 80799, at *3 (Ala. Jan. 12, 2007) (quoting *Ex parte Charles Bell Pontiac-Buick-*

*Cadillac-GMC, Inc.*, 496 So. 2d 775, 775 (Ala. 1986)); *cf. Inter-Connect, Inc. v. Gross*, 644 So.

2d 867, 869 (Ala. 1994) ("It is a well settled rule in this state that a person is liable for torts

which he or she commits, regardless of the capacity in which that person acts.").  Alabama courts

have applied this rule within the specific realms of intentional torts and negligence.  See *Galactic*

*Employer Servs., Inc. v. McDorman*, 880 So. 2d 434, 438-39 (Ala. Civ. App. 2003) (providing a

brief survey of Alabama cases in which the aforementioned rule is applied to cases involving

either intentional torts or negligent acts).  Applying this rule to the present case, it makes no

difference whether Jones is an officer or part-owner of J & J Wood in determining whether he is

personally liable for negligent acts in which he participated.

The Plaintiff's Amended Complaint raises claims that Jones acted negligently and/or

wantonly in his direction of the J & J Wood truck and that such negligence/wantonness caused

the collision.  The Amended Complaint also raises other claims of negligent entrustment and

failure to maintain the vehicle, as well as 41 other acts of negligence and/or wantonness

allegedly causing the collision.  While all of these claims are interrelated in that they concern

one collision, the court recognizes that some of these claims are asserted against Jones for

alleged negligent acts personally taken while some of the claims are asserted against Jones

simply in his capacity as a part-owner and officer of J & J Wood for acts taken by others.

In regard to the claims against Jones that do not involve personal action, but instead

claim liability on the basis of Jones's position as a corporate officer, these claims cannot

succeed.  Alabama law specifically provides that a shareholder, subscriber or officer is not

personally liable for the acts or debts of the corporation.  *See Yarbrough v. Ledford*, 771 So. 2d

1051, 1053 (Ala. Civ. App. 2000) (citing ALA. CODE §10-2B-6.22(b)).   The "piercing the

corporate veil" doctrine provides an exception to this general rule, finding that corporate officers

and shareholders are personally liable for the acts and debts of the corporation where there is

fraud in the assertion of the corporate existence or where recognition of the corporate existence

will result in injustice or inequitable consequences.  *See McDorman*, 880 So. 2d at 441-42; *see*

*also Washburn v. Rabun*, 487 So. 2d 1361, 1366 (Ala. 1986).  In the present case, however, there

is no evidence suggesting that the court should "pierce the corporate veil."  Accordingly,

summary judgment is appropriate for all claims against Jones as an officer of J & J Wood

relating to acts in which he was not involved personally.

In regard to acts in which Jones was involved personally, summary judgment is only

appropriate if there is no genuine issue of material fact as to whether Jones can be held

personally liable.  As noted above, Alabama law recognizes that officers, directors and

shareholders can be held liable for torts committed personally, despite their corporate capacity.

The Alabama Supreme Court has adopted the following rule:

> Corporate officers are liable for their torts, although committed when acting officially. In
> other words, corporate officers, charged in law with affirmative official responsibility in
> the management and control of corporate business, cannot avoid personal liability for
> wrongs committed by claiming that they did not authorize and direct that which was done

6

in the regular course of that business, with their knowledge and with their consent or approval, or such acquiescence on their part as warrants inferring such consent or approval.

*Crigler v. Salac*, 438 So. 2d 1375, 1380 (Ala.. 1983) (quoting FLETCHER'S CYCLOPEDIA OF CORPORATIONS §1135 (1975)).  The Alabama Supreme Court further has noted that "'[w]hen a person commits a tort, it is wholly immaterial upon the question of his liability, whether he was acting officially or personally.'  The reason for finding personal liability is that the agent personally has committed a wrong independent of the principal's wrongdoing."  *Gross*, 644 So. 2d at 869 (quoting *Finnell v. Pitts*, 132 So. 2, 4 (Ala. 1930)) (other internal citations omitted).

Following Alabama law, summary judgment is not appropriate in the present case because sufficient evidence exists implicating Jones's personal involvement in acts that provide a potential basis for the Plaintiff's negligence and wantonness claims.  For instance, in Defendant Simonds's deposition, there is considerable testimony indicating that Jones had a firsthand role in numerous decisions allegedly causing the collision.  *See Deposition of Timothy Lee Simonds*, Doc. 57-4, pp. 129-43.  Accordingly, because the Plaintiff has provided evidence that Jones was involved personally in the events leading up to the collision, an issue of fact exists as to whether those acts are sufficient to support a negligence or wantonness claim.  That issue should be determined by a jury.  Moreover, Jones has asserted no other basis for summary judgment on claims brought against him for his own actions.  Therefore, summary judgment is not appropriate in regard to claims against Jones based upon acts in which he was involved personally.

   **B. *Defendant Jimmy Jones, Jr.'s Motion to Strike***

7

In deciding the Motion for Summary Judgment, the court found that the expert reports to which the Defendant objected were unnecessary in the ultimate determination of the Motion. The court has decided the Motion for Summary Judgment without regard to that evidence. The court thus finds it unnecessary to grant the Motion to Strike. Therefore, the Motion to Strike is due to be DENIED, as moot.

**C. *Defendants' Motion for Separate Trials***

**1.        *Whether to Bifurcate***

The Defendants jointly have filed a Motion for Separate Trials, arguing that the court should try the issue of personal negligence and liability first because the evidence to prove the issues of negligent entrustment, maintenance, etc., are unduly prejudicial to the Defendants on the basic issue of liability for the wreck. In response, the Plaintiff argues that the separation of the issues is improper because it would be an inefficient expense of judicial resources to do so.

Federal Rule of Civil Procedure 42(b) states that a court "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim or third-party claim, or of any separate issue or any number of claims, cross-claims, counterclaims, third-party claims, or issues. . . ." FED. R. CIV. PRO. 42(b). In applying this rule, the Eleventh Circuit notes that the district court should balance the considerations of convenience, economy, expedition and prejudice in determining whether to separate issues. *Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1325 (11th Cir. 2000). Moreover, the Eleventh Circuit affords considerable discretion to the district court in making the determination as to whether the separation of claims is appropriate, only overturning the district court for an abuse of discretion. *Id.*

In the present case, the court is concerned that the evidence necessary to support the claim of negligent entrustment and maintenance, as well as the numerous claims of negligence and wantonness raised in the Fifth and Sixth Causes of Action, will unduly prejudice a jury's ability to fairly determine the basic issues of (1) whether Defendants Jones and Simonds personally were negligent in the direction and operation of the J & J Wood truck, (2) whether the Plaintiff also acted negligently, thereby contributing to the cause of the collision, and (3) whether Simonds and Jones were personally wanton in the direction and operation of the truck. The evidence supporting the negligent entrustment and maintenance claims and the negligence and wantonness claims in the Fifth and Sixth Causes of Actions deals with illegal acts other than driving, directing the driver's turning, and failure to put out emergency devices, and such evidence likely will portray Simonds, Jones and J&J Wood is an extremely negative light. Without delving into specifics, this evidence, which has no bearing on the basic issues of whether Simonds and Jones acted negligently or wantonly at the time of the accident, or whether the Plaintiff was contributorily negligent, likely would affect a jury's ability to impartially decide the basic issues of negligence, contributory negligence, and wantonness, even if the court were to give a limiting instruction.  Therefore, in balancing the factors set forth by the Eleventh Circuit, the potential prejudice of the evidence carries significant weight.

The court further notes that the potentially prejudicial evidence is not so intertwined with the basic negligence, contributory negligence, and wantonness issues that separation of these issues would result in a waste of judicial resources.  Other courts have determined that the separation of issues is an abuse of discretion where there is an overlap of evidence concerning the separated issues or where the separated issues are so interwoven that

independent submission to the jury likely would result in confusion and uncertainty.  *See United Air Lines, Inc. v. Wiener*, 286 F.2d 302, 306 (9th Cir. 1961) (holding that interwoven issues that cannot be separated without confusing the jury should not be separated); *Organic Chems., Inc. v. Carroll Products, Inc.*, 86 F.R.D. 468, 470-71 (D. Mich. 1980) (holding that the separation of issues is inappropriate where evidence overlaps significantly).  In the present case, the court is not concerned with overlapping evidence.  Moreover, the claims of basic negligence, negligent entrustment and maintenance, and negligence and wantonness under the Fifth and Sixth Causes of Action are not so interwoven that the separation of these issue will confuse the jury.  In fact, separating the issues can be accomplished without involving such concerns whatsoever.  The evidence to prove that Jones and Simonds acted negligently or wantonly in the direction and operation of the J&J Wood truck will not play any role in determining the claims of J&J Wood's negligent entrustment or maintenance, or the claims of negligence and wantonness stated in the Fifth and Sixth Causes of Action.  Accordingly, there is simply no evidence that these issues are so interwoven that confusion is unavoidable or that the separation of the issues involves a considerable overlap of evidence.  In fact, the danger of jury confusion as to liability would be considerably greater in trying all issues together, rather than in trying them separately.

Simply, the Plaintiff's primary opposition relies on the assumption that separate trials for these issues would result in unnecessary additional expense for the court.  In balancing considerations of convenience, economy, expedition and prejudice, however, the court finds that the potentially prejudicial nature of the evidence to prove the negligent entrustment claim, the negligent maintenance claim, and most of the negligence and wantonness claims of the Fifth and

Sixth Causes of Action outweighs the minimal additional expense that the bifurcation of the issues would cause. Therefore, the court finds that bifurcation of some sort is appropriate.

### 2.    *Bifurcation*

Plaintiff's First and Second Causes of Action allege negligent and wanton operation of the motor vehicle by its driver, Defendant Simonds. These claims are based upon Simonds maneuvering his truck so as to block the highway without taking appropriate safety precautions. The Fifth and Sixth Causes of Action contain allegations of negligence and wantonness against Defendant Jones in directing Simonds to drive the truck in that manner and in failing to warn.

J & J Wood admits that the driver, Defendant Simonds, was acting within the line and scope of his employment at the time of the accident, and the court assumes that this same admission applies to its vice president, Defendant Jones. Therefore, J & J Wood would also be liable on these claims, if the others are.

The Defendants have pled contributory negligence on the part of James Farrell Howell, which, if proved, would be a complete defense to these negligence claims, but not to the claims of wantonness. Therefore, if the jury found liability based on negligence of Simonds, or Simonds and Jones (rejecting contributory negligence), or found for the Defendants on the negligence claims (finding contributory negligence) but for the Plaintiff on wantonness, or found for the Plaintiff as to both negligence and wantonness, J & J Wood would also be liable, and there would be no need for the Plaintiff to prove liability based on any other theories. Or, of course, if the jury found for the Defendants on all of these claims, the claims based on negligent or wanton entrustment, maintenance, and other acts would be moot as to liability.

11

Damages would be punitive, whether the jury found liability on the basis of negligence or wantonness, and the jury would be instructed that the amount of such damages should be directly related to the amount of wrongdoing on the part of the Defendants and necessity of preventing similar wrongs in the future. *See* APJI 11.18. Therefore, at the damages phase, evidence as to negligent hiring, maintenance, and other acts alleged in the Fifth and Sixth Causes of Action, which proximately contributed to allowing the negligent or wanton acts of Simonds and Jones to happen, would be admissible.

Considering all of the above, in light of the prejudice to the Defendants and danger of jury confusion which would result from the jury at the liability phase hearing evidence which would be irrelevant if Simonds and/or Jones were neither negligent nor wanton in pulling the tractor and trailer across the highway without warning to oncoming traffic, limiting instructions would be insufficient. The court finds bifurcation to be appropriate, in the following manner:

1. The case will first be tried to the jury as to liability of all Defendants based on the First and Second Causes of Action and on Paragraph 2hh and 2oo of the Fifth and Sixth Causes of Action. The jury will be instructed that J & J Wood has agreed that Simonds and Jones were acting in the line and scope of their employment at the time in question and that, therefore, J & J Wood would also be liable for any negligent or wanton acts by them which might be proved.

2. In the event of a finding of liability, the same jury will then hear all relevant additional evidence and return a verdict as to punitive damages.

## V. CONCLUSION

Based on the foregoing reasons,  it is hereby ORDERED as follows:

1.  With regard to all claims against Defendant Jimmy Jones, Jr. for acts with which he was not involved personally, including various sub-claims under the Fifth and Sixth Causes of Action, Defendant Jimmy Jones, Jr.'s Motion for Summary Judgment (Doc. #51) is GRANTED.

2.  With regard to all claims against Defendant Jimmy Jones, Jr. for acts with which he was involved personally, Defendant Jimmy Jones, Jr.'s Motion for Summary Judgment (Doc. #51) is DENIED.

3.  Defendant Jimmy Jones, Jr.'s Motion to Strike (Doc. #59) is DENIED, as moot.

4.  Defendants' Motion for Separate Trials (Doc. #48) is GRANTED to the extent set out in this Memorandum Opinion.

Done this 6th day of July, 2007.


 /s/ W. Harold Albritton                             
W.  HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE

13