IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHARLENE HOWELL,                )                                                                 | |
|           )                                                                                                       | |
|           Plaintiff,          )                                                                            | |
|           )                                                                                                       | |
| vs.      )      CIVIL ACTION NO. 3:06-cv-417-WHA | |
|           )                                                                                                       | |
| J & J WOOD, INC., et al.,       )                                                            | |
|           )                                                                                                       | |
|           Defendants.    )                                                                          | |

**<u>ORDER</u>**

      This case is before the court on Plaintiff's Motion to Alter, Amend or Vacate (Doc. #68), filed on July 13, 2007.

      Some of the language in this motion leaves the court to wonder whether Plaintiff's counsel has read the court's order.  Counsel, who has tried many Alabama wrongful death cases, cites as one of the reasons the order should be vacated the fact that the jury in a wrongful death case is to be instructed that the verdict should be directly related to the culpability of the defendants and the necessity of preventing similar wrongs in the future.  That is exactly the reason the court held that all of this evidence would be admissible on the issue of damages, citing the same pattern jury instruction as cited by counsel.  Counsel also points to the necessity of having two expert witnesses come to Opelika twice for trial, apparently overlooking the fact that the order provides for trial of the damages phase by the same jury immediately following a Plaintiff's verdict as to liability.

As to counsel's complaint that a bifurcation order such as this is unprecedented, the court can only say that Plaintiff will be free to attempt to establish appellate precedent, if an appeal should become appropriate.

Finally, Plaintiff asks for clarification related to her ability to examine Mr. Simonds by leading questions and to cross-examine him concerning his numerous false representations, fraudulent conduct, and inconsistent statements in testimony. With such a general request, the court can only say that it will rule on such matters in accordance with the *Federal Rules of Evidence*. Specific evidentiary issues should be addressed by motions in limine in advance of trial.

The motion is DENIED.

DONE this 16th day of July, 2007.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE