UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLENE HOWELL, etc., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 3:06-cv-417-WHA |
| | § | |
| J & J WOOD, INC., et al., | § | |
| | § | |
| Defendants. | § | |

### ORDER ON PRE-TRIAL HEARING

A Pre-Trial Hearing was held in this case on July 16, 2007, wherein the following proceedings were held and actions taken:

1.    PARTIES AND TRIAL COUNSEL:

   (a)   **Plaintiff Charlene Howell, as Administratrix of the Estate of James Farrell Howell, Deceased**, represented by the law firm of Cunningham, Bounds, Crowder, Brown & Breedlove, L.L.C., 1601 Dauphin Street, Mobile, Alabama, 36660, 251-471-6191. Attorneys George W. Finkbohner, III, David G. Wirtes, Jr. and David S. Cain, Jr.

   (b)   **Defendants J&J Wood, Inc., Timothy Lee Simonds and Jimmy Jones, Jr.,** represented by the law firm of Lamar, Miller, Norris, Haggard & Christie, P.C., 501 Riverchase Parkway East, Suite 100, Birmingham, Alabama 35244, attorneys Paul Miller and Cindy L. Self.

COUNSEL APPEARING AT PRETRIAL HEARING:

Same as trial counsel.

2.    JURISDICTION AND VENUE:

This Court has jurisdiction pursuant to a removal action filed under 28 U.S.C. 1332(a). Venue and jurisdiction is proper in the United States District Court for the Middle District of Alabama.

3.   PLEADINGS:

The following pleadings and amendments were allowed: (a) the Plaintiff's Complaint, (b) Defendants' Answers, (c) Plaintiff's First Amended Complaint, (d) Defendants' Answers to Plaintiff's First Amended Complaint.

4.   CONTENTIONS OF THE PARTIES:

(a)   **The Plaintiff** - The Plaintiff contends that at approximately 9:30 p.m. on October 5, 2005, an overloaded J&J Wood log truck, being driven by an unfit and disqualified truck driver,[1] Simonds, within the line and scope of his employment with Defendant J&J Wood, Inc., with co-owner Jones, Jr.'s advice and direction, negligently and wantonly drove on a public road with unsafe tires, and an unsafe truck, and then attempted to turn around at night in the rain in the middle of a major four-lane U.S. Highway blocking all four lanes of travel in an unlit area of the highway. The conduct of the defendant driver and his supervisor and employer was in violation of Alabama Law and multiple Federal Motor Carrier Safety Regulations, including regulations pertaining to illegal drug use, medical disqualification, hours of service, truck/trailer maintenance (e.g., tires, lighting and reflective surfaces), lighting, retroreflective sheeting, weight restrictions, suspension regulations, and multiple other mandatory requirements of the Federal Regulations for safe operation. Furthermore, the above-referenced actions and conduct were contrary to established custom and practice in the commercial vehicle industry and were contrary to actions which would be taken by reasonably prudent commercial drivers and commercial motor carriers under similar situations in October, 2005.

Simonds was under the influence of cocaine at the of this collision. After the collision which killed Mr. Howell, Simonds admitted to daily use of crack cocaine. On the night of the accident, he did not undergo the required drug testing set forth in the Federal Motor Carrier Safety Regulations. J&J Wood, Inc. did not require him to undergo that testing and continued to allow him to operate its truck that night and thereafter.

---

[1] The driver Simonds was disqualified for the following reasons: (1) He was using crack cocaine on the day of the accident (FMCSR 382 and 391); (2) he had a diagnosis and medical history of insulin-dependent diabetes (FMCSR 391); (3) he did not have a valid medical card at the time of the collision (FMCSR 391); (4) he was over the hours of service allowed by the Federal Regulations (FMCSR 395); (5) he was operating a vehicle with tires in violation of FMCSR 393.75 and Ala. Code § 32-5-210; (6) he was operating a vehicle in violation of an out-of-service order (FMCSR 396.9); (7) he was operating a vehicle with dirty, obscured and unsafe lighting and reflectors (FMCSR 393.9, 393.11 and 392.33 and Ala. Code § 32-5-240 and 242); (8) he was operating a vehicle with an inadequately marked projecting load (FMCSR 393.11, fn 10); (9) he was operating a vehicle with an inadequately colored rear side marker lamp (FMCSR 393.11, Table 1); (10) he was operating an overloaded vehicle (FMCSR 393.75, Ala. Code § 32-9-20, and manufacturer's gross vehicle weight rating on the vehicle of 74,000 pounds); (11) he was operating a vehicle that had in fact broken down on October 5 -- i.e., tire failed -- and which was in a condition likely to cause an accident or breakdown (FMCSR 396.7); and (12) he was operating a vehicle with parts and accessories that were not in good working order (FMCSR 392.2 and 392.7).

J&J Wood failed to ensure Simonds was medically fit and/or capable of safe operation. J&J Wood failed to implement federally-required policies and procedures for driver qualifications and conduct, did not implement the required comprehensive maintenance program, and failed to properly maintain its truck.

J&J Wood had a pattern, practice and habit of knowingly and intentionally operating its vehicles in noncompliance with the federal regulations. Its deficiencies in this regard were pointed out to company management on multiple occasions before the collision which killed Mr. Howell, but J&J Wood nonetheless continued in knowing defiance of the safety regulations. Even after the collision which claimed Mr. Howell's life, J&J Wood continued to operate in the same manner as it had prior to the collision.

Additionally, Plaintiff contends that J&J Wood wrongfully hired Timothy Lee Simonds and negligently and/or wantonly entrusted him with a commercial logging truck.

Plaintiff contends that all of the above-described conduct was negligence which proximately caused or contributed to James Howell's death. Plaintiff contends that all of the above-described conduct was wantonness which proximately caused or contributed to James Howell's death.

     (b)   **The Defendants -** Timothy Lee Simonds denies that he was negligent and/or wanton in operating the motor vehicle driven by him at the time of the accident made the basis of Complaint. Jimmy Jones, Jr. and J&J Wood, Inc. deny that they participated in any negligent and/or wanton conduct (or omissions) that proximately caused the accident made the basis of Complaint. Furthermore, Timothy Lee Simonds, Jimmy Jones, Jr. and J&J Wood, Inc. contend that James Farrell Howell was guilty of negligence that caused or contributed to the accident and ultimately the plaintiff's damages in this cause.

5.     STIPULATIONS BY AND BETWEEN THE PARTIES:

     (a)   The collision which caused James Farrell Howell's death took place on U.S. Highway 165 at the intersection of Misty Forest Drive south of Phenix City, Alabama, on October 5, 2005, at approximately 9:37 p.m. The J&J Wood logging truck/trailer, its tires and all of its component parts and accessories were owned by J&J Wood, Inc. and it was being driven by a J&J Wood driver.

     (b)   Simonds and Jimmy Jones, Jr. were operating within the line and scope of their employment with J&J Wood, Inc. at all times material to the allegations contained in Plaintiff's First Amended Complaint;

     (c)   The truck is a 1999 Mack CH613 Vin # 1M1AA18Y6XW105. The trailer is Vin # 5402B1GN002799. The GVWR of both is 75,000 pounds.

    (d)    Charlene Howell is the wife of James Farrell Howell and is the proper party to bring this lawsuit as the Administratrix of the Estate of James Farrell Howell;

    (e)    All defendants are properly designated in Plaintiff's First Amended Complaint;

    (f)    Experts James Sobek, Walt Guntharp and Joey Parker are properly qualified to render expert opinions previously provided to the parties in expert reports and depositions.

    (g)    It is stipulated that the driver Timothy Lee Simonds had a duty and a responsibility to comply with the Federal Motor Carrier Safety Regulations and Alabama law in effect on October 5, 2005.

It is ORDERED that:

1. The jury selection is set for August 20, 2007 at 10:00 a.m., at the United States Courthouse in Opelika, Alabama. By agreement of the parties, the trial of this case, which is to last five (5) days, will begin on August 27, 2007, at 9:00 a.m. in District Courtroom 2-C, Frank M. Johnson, Jr. United States Courthouse Complex, One Church Street, **MONTGOMERY**, Alabama.

2. A trial docket will be mailed to counsel for each party approximately 4 weeks prior to the start of the trial term.

3. Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, and the judge to each have a set of the exhibits.

4. The parties in this case are not required to file trial briefs. However, if they wish to do so, their trial briefs shall be filed no later than August 6, 2007.

5. All deadlines not otherwise affected by this order will remain as set forth in the Uniform Scheduling Order (Doc. # 19) entered by the court on July 25, 2006.

6. All understandings, agreements, deadlines, and stipulations contained in this Pretrial Order shall be binding on all parties unless this Order be hereafter modified by Order of the court.

DONE this 18th day of July, 2007.

   /s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR U.S. DISTRICT JUDGE